

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
01/24/2019

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 19-20020 |
| SAM KANE BEEF PROCESSORS, LLC; | § | CHAPTER 11 |
| dba KANE BEEF; dba SKB ACQUISITION | § | |
| COMPANY, LLC; dba SAM KANE BEEF | § | |
| PROCESSORS, INC. | § | |
| | § | |
| Debtor(s). | § | DAVID R. JONES |

ORDER GRANTING COMPLEX
CHAPTER 11 BANKRUPTCY CASE TREATMENT

This case was filed on January 22, 2019. The case was not designated as a complex chapter 11 case. Based on its review of the initial pleadings, the Court concludes that the complex chapter 11 case designation is appropriate, will better serve constitutes in the case and promote equal treatment to all. Accordingly, the Court orders:

1. The Debtor must maintain a consolidated master service list identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the master service list. The master service list must initially include (a) the Office of the United States Trustee for the Southern District of Texas, (b) the Debtor, (c) the attorneys for the Debtor, (d) the Debtor's pre- and any post-petition secured lenders, (e) the Debtor's twenty (20) largest unsecured creditors, (f) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002, and (g) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules. Any party in interest that files a Notice of Appearance will be added to the master service list.

   a. Parties on the master service list who appear in this case through counsel or submit a request for service by CM/ECF will be served with pleadings and orders through the CM/ECF notification system. No mail notice will be required.

   b. All other parties on the master service list must be served by regular mail or e-mail (if such party agrees).

   c. The initial master service list must be filed within three days after entry of this order. A revised list must be filed seven days after the initial master service list is filed. The Debtor must update the list, and must file a copy of the updated list, (i) at least every seven days during the first thirty days of the case; (ii) at least every fifteen days during the next sixty days of the case; and (iii) at least every thirty days thereafter throughout the case.

2. The Court will publish on its website available complex hearing dates for these cases at www.txs.uscourts.gov. Additional hearing dates may be obtained from the Court's Case Manager.

    a. All motions and other matters requiring a hearing, but not requiring an expedited or emergency hearing, shall be noticed for hearing on the next hearing day that is at least twenty-one (21) days after the notice is mailed. As a preface, to each pleading, just below the case caption, in lieu of the language required by any Local Bankruptcy Rule, the pleading shall state:

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____ AT \_\_\_\_ AM/PM IN COURTROOM 40\_, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THIS PLEADING; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

    b. Parties requiring an expedited or emergency hearing should (i) calendar the matter for a hearing on an available hearing date posted on the Court's website; or (ii) if an acceptable date is not available, contact the Court's case manager for a special setting. The party seeking expedited or emergency relief must comply with the usual Court requirements for explanation of the need for an expedited hearing. The party requesting the hearing is responsible for providing proper notice in accordance with this order and the Bankruptcy Code and applicable Rules. At the scheduled hearing, the Court will determine whether to allow emergency or expedited consideration. As a preface, to each emergency or expedited pleading, just below the case caption, in lieu of the language required by any Local Bankruptcy Rule, the pleading shall state:

**AN EMERGENCY/EXPEDITED HEARING WILL BE CONDUCTED ON THIS MATTER ON _____ AT \_\_\_\_ AM/PM IN COURTROOM 40\_, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR**

**RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT PRIOR TO THE SCHEDULED HEARING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THIS PLEADING; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

3. The Court's procedures for telephonic participation in hearings are published on the Court's website. Those procedures apply in these cases. No motion is required to authorize telephonic participation. Dial-in information and participation information is on the website.

4. If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (*i.e.,* that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated) the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

5. Unless a different date is subsequently ordered by the Court, the bar date for the filing of proofs of claim and proofs of interest is (i) 180-days after the petition date for governmental units; and (i) for all other entities, 90-days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a).

6. The Debtor must give notice of this order to all parties in interest within seven days. If a party in interest objects to the provisions of this order, that party may file a motion articulating the objection and the relief requested. After hearing the objection and any responses the Court may reconsider any part of this order and may grant relief, if appropriate.

7. The Bankruptcy Local Rules apply to these cases, subject to the following modifications:

   a. Bankruptcy Local Rule 1001-1(b) (generally applying the Local Rules of the District Court) does not apply.

   b. Local District Court Civil Rule 83.1 (admission to practice) applies.

   c. Appendix A to the Local Rules of the District Court (disciplinary rules) applies.

**SIGNED: January 24, 2019.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE