IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **SAM KANE BEEF PROCESSORS, LLC,**[1] | § | Case No. 19-20020 |
| | § | |
| Debtor. | § | Chapter 11 |

**DEBTOR'S SUPPLEMENTAL EMERGENCY MOTION FOR INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) USE PROPERTY OF THE ESTATE, OR IN THE ALTERNATIVE (B) USE CASH COLLATERAL PURSUANT TO SECTION 363(C) OF THE BANKRUPTCY CODE; (II) GRANTING ADEQUATE PROTECTION FOR THE USE THEREOF; AND (III) GRANTING RELATED RELIEF**
[Relates to ECF # 5 and 22]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER, IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELEIVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. THERE WILL BE A HEARING ON**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Sam Kane Beef Processors, LLC, the above captioned debtor and debtor in possession (the "Debtor"), hereby files this Supplemental Emergency Motion for Interim Order (I) Authorizing

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Sam Kane Beef Processors, LLC (0433).

the Debtor to (A) Use of Property of the Estate, or in the alternative, (B) Use Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code, (II) Granting Adequate Protection for the Use Thereof, and (III) Granting Related Relief (the "Motion") and in support hereof, respectfully states as follows:

## I. BASIS FOR EMERGENCY RELIEF AND BACKGROUND FACTS

1. The Debtor filed this bankruptcy in order to preserve its ability to complete a sale of substantially all of the Debtor's assets as a going concern. As previously disclosed in the Debtor's fist-day pleadings, the anticipated sale was the culmination of an extensive pre-petition marketing process conducted by the Debtor's investment bank, Gordian Group, LLC ("Gordian"). As such, in its Emergency Motion for Interim Order (I) Authorizing the Debtor to (A) Use of Property of the Estate, or in the alternative, (B) Use Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code, (II) Granting Adequate Protection for the Use Thereof, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral, and (IV) Granting Related Relief (the "Cash Collateral Motion")[2], the Debtor sought emergency use of estate property or, in the alternative, cash collateral in order to facilitate completion of definitive documentation with the Debtor's identified stalking horse purchaser. The Cash Collateral Motion was supported by The Texas Cattle Feeders ("TCF")[3] and unopposed by the Debtor's pre-petition secured lender, Marquette Transportation Finance, LLC ("Marquette"). Following representations from counsel for the Debtor, TCF, and Marquette, the Court entered its Interim Order (I) Authorizing the Debtor to (A) Use of Property of the Estate, or (B) Use of Collateral Pursuant to

---

[2] Capitalized terms not defined herein shall have the meaning set forth in the Cash Collateral Motion.

[3] The identity of the individuals or entities that comprise The Texas Cattle Feeders and their collective interests is not clear at this time. Attorneys Craig Stokes and David LeBas each filed a Notice of Appearance of and Requests for Notices and Papers [ECF # 4 and ECF # 20, respectively] that identifies various parties collectively referred to as The Texas Cattle Feeders. The Texas Cattle Feeders have not, however, filed a statement pursuant to Bankruptcy Rule 2019.

363(c) of the Bankruptcy Code; (II) Granting Adequate Protection for the Use Therefore; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral; and (IV) Granting Related Relief [ECF # 22], authorizing interim use of cash collateral and setting a final hearing for February 1, 2018.

2. Since the filing, and as result of circumstances well beyond the Debtor's control, the Debtor has determined that moving forward with its previously identified stalking horse purchaser is not practicable.

3. Additionally, TCF lawyers have provided notice to the Debtor that seemingly withdraws their prior consent to use of estate property/cash collateral. TCF attorneys have also demanded that the Debtor take certain actions that the Debtor, in its business judgment, believes would be detrimental to the estate as a whole and would cause specific harm to the assets to which TCF members assert an interest.

4. To make matters even more complicated, the Debtor is not in a position – and TCF has not established – the validity and priority of its asserted interest. In addition to TCF, Marquette asserts first priority liens in and to all of the Debtor's inventory and accounts receivable. Further, pursuant to the Receivership Order and the Receivership Finance Stipulation (which stipulation was executed by, among other parties, TCF counsel, Mr. Stokes), certain parties providing goods and services to the Receivership estate are entitled to reimbursement from any PSA Trust Assets or Marquette collateral.

5. And, yet, as the Debtor set forth in its first day pleadings, the Debtor's assets are of a nature that precludes the Debtor from idly sitting back while sorting through these various issues. The Debtor sells meat products for public consumption. Every day that these products are not sold diminishes their value and increases the risk of spoilage.

6. Further, the Debtor's facility, if not maintained, poses an imminent risk to its surrounding area. As has been previously disclosed, the Debtor's waste water facility has only just recently been repaired and brought into compliance with City and State regulations. The system requires further remedial actions to ensured continued safe operation. Additionally, the Plant utilizes an ammonia-based refrigeration system. The system requires the Debtor to significant quantities of ammonia. To keep the ammonia in a stable, safe state, the stored ammonia must be maintained in a cooled environment. If the Debtor fails to do so or the ammonia heats at unsafe rate the storage tanks could leak and/or explode. Thus, in addition to the need to use estate property/cash collateral to preserve asset value, the Debtor requires continued use to ensure that the Debtor's facility is maintained in a safe and responsible manner.

7. Finally, as previously disclosed, during the months leading up to the Petition Date, the Debtor, with the advice and aid of its investment banker, Gordian, conducted an extensive marketing and sale process related to the Debtor's assets. While the Debtor's primary focus in those efforts was to identify a purchaser to sell the Debtor's assets as a going concern, the Gordian process also attracted alternative bidders. As a result of the extensive progress and momentum that the Gordian team has developed, the Debtor believes in its business judgment that maximum value for the estate's assets may be obtained at this time by moving for a quick auction of the estate's assets. The Debtor is preparing an emergency motion asking the Court to approve a sale process and expects to have such a motion on file before the end of the day on January 28, 2019.

## II.   JURISDICTION AND VENUE

8. This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105, 361, 362, and 363, and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### III. RELIEF REQUESTED

10. By this Motion, pursuant to Bankruptcy Code §§ 105, 361, 362, and 363 and Bankruptcy Rules 2002, 4001, and 9014, the Debtor requests that the Court enter an order authorizing the Debtor's continued use of estate property/cash collateral in order to (i) preserve and sale the Debtor's perishable inventory; (ii) maintain the Debtor's facility in a safe and responsible manner; and (iii) notice and conduct an immediate auction of substantially all of the Debtor's assets. The Debtor proposes to spend cash in accordance with the budget attached hereto as Exhibit A for the next 2 weeks while preparing for the sale.

### IV. NOTICE

11. Notice of this Motion will be provided by email, when available, or by traditional mail to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtor's secured creditors; and (c) the parties listed on the Debtor's master service list. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### V. PRAYER

WHEREFORE, the Debtor respectfully request that this Court authorize, on an interim basis, entry of an order granting emergency relief authorizing the continued use of estate property/cash collateral and granting the Debtor such other and further relief as this Court may deem just and proper.

Respectfully submitted on the 28th day of January 2019.

**OKIN ADAMS LLP**

By:    /s/ *David L. Curry, Jr.*
     Matthew S. Okin
     Texas Bar No. 00784695
     mokin@okinadams.com
     David L. Curry, Jr.
     Texas Bar No. 24065107
     dcurry@okinadams.com
     Ryan A. O'Connor
     Texas Bar No. 24098190
     roconnor@okinadams.com
     1113 Vine St., Suite 240
     Houston, Texas 77002
     Tel: 713.228.4100
     Fax: 888.865.2118

**PROPOSED ATTORNEYS FOR THE DEBTOR**