UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SAM KANE BEEF PROCESSORS, LLC, | § | CASE NO. 19-20020 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |
| | § | |

**TEXAS COMMISSION ON ENVIRONMENTAL QUALITY'S
RESPONSE TO DEBTOR'S EMERGENCY MOTION**
*Relates to Dkt. 49*

Comes now the Texas Commission on Environmental Quality ("TCEQ"), by and through the Texas Attorney General's Office, and respectfully files this Response to the Debtor's Emergency Motion styled, "Debtor's Emergency Motion Pursuant to 11 U.S.C. §§ 105, 363, 365 and 554 for Entry of : (I) an Order (A) Approving Auction and Bidding Procedures; (B) Scheduling Auction and Sale Hearing; and (C) Approving the Form of Notice; (II) An Order Authorizing Abandonment of Assets Not Sold At Auction, and (III) Granting Related Relief." (the "Emergency Motion") (Dkt. 49).   TCEQ states as follows:

1.      The Emergency Motion seeks approval of bid procedures for the sale of the Debtor's meat packing plant in Corpus Christi on an extremely expedited basis.  The Emergency Motion was filed the evening of January 28, 2019 and set for hearing on the morning of January 30, 2019.  TCEQ and its counsel are continuing to review the pleadings and TCEQ's concerns with respect to the site, but in order to apprize the court and all parties in as timely a manner as possible of TCEQ's position with respect to the sale and abandonment of property, TCEQ files this preliminary response.

2.      TCEQ wishes to confirm that nothing about the sale process will change or preempt State law (including environmental laws and regulations) and that any buyer of the Debtor's assets

will have to comply with all applicable laws and regulations related to such assets. Accordingly, TCEQ would request that the following language be inserted into any order approving bid procedures so that all prospective bidders are on notice of TCEQ's position and further that TCEQ will request this language in any order approving the sale of the property:

> *The following language shall be included in any order approving a sale of the Debtor's assets under 11 U.S.C. §363:*
>
> *Nothing in this Order, the Emergency Motion or any Sale Agreement releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit arising from or related to the enforcement of any applicable police or regulatory law or regulation (including but not limited to those of the Texas Commission on Environmental Quality) to which any entity would be subject to as the owner or operator of property from and after the date of the closing of the Sale. Nothing in this Order authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police and regulatory law.*

3.    Given the short time frame in which this auction and sale process is proposed to occur, TCEQ wishes to assure the Court that it is willing to speak with any potential bidder about its environmental concerns attendant to the site and the Debtor's assets. Bidders who would like to discuss those issues with TCEQ should contact the undersigned counsel to be connected with appropriate staff at TCEQ.

4.    TCEQ respectfully objects to the short (7 day) notice period which the Debtor proposes to provide parties of its intent to abandon any property not sold at the auction. TCEQ has significant environmental concerns about these assets and asserts that 7 days may not provide a sufficient opportunity for the agency and its investigators to ascertain the nature of any environmental concerns attendant to any remaining property. TCEQ will object to any attempt to abandon contaminated property in contravention of *Midlantic Nat'l Bank v. New Jersey Dep't of Envt'l Prot.*, 474 U.S. 494 (1986).

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Hal F. Morris*
HAL F. MORRIS
Texas State Bar No. 14485410
Southern Dist. of Texas Bar No. 13068
ASHLEY F. BARTRAM
Texas State Bar No. 24045883
Southern Dist. Bar No. 578180
Assistant Attorney General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
Hal.Morris@oag.texas.gov
Ashley.Bartram@oag.texas.gov

ATTORNEYS FOR THE TEXAS COMMISSION ON
ENVIRONMENTAL QUALITY

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on January 29, 2019 and that a copy was sent via electronic mail to the following counsel:

Matthew Okin, mokin@okinadams.com
David Curry, dcurry@okinadams.com
Pete Holzer, pholzer@jhwclaw.com
Hector Duran, Hector.Duran.Jr.@usdoj.gov
Chad Cowan, chad.cowan@usdoj.gov
Rick Kincheloe, Richard.Kincheloe@usdoj.gov

*/s/ Hal F. Morris*
HAL F. MORRIS
Assistant Attorney General

4