

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
01/30/2019

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SAM KANE BEEF PROCESSORS, LLC, | § | Case No. 19-20020 |
| | § | |
| Debtor. | § | Chapter 11 |

ORDER (I) APPROVING AUCTION AND BIDDING
PRCOEDURES, (II) SCHEDULING AUCTION AND SALE HEARING, (III)
APPROVING THE FORM OF NOTICE, (IV) AUTHORIZING ABANDONMENT
OF ASSETS NOT SOLD AT AUCTION, AND (IV) GRANTING RELATED RELIEF
(Relates to Doc. No. 49)

The Court considered the Emergency Motion Pursuant to 11 U.S.C. §§ 105, 363, 365, and 554, For Entry of: (I) An Order (A) Approving Auction and Bidding Procedures; (B) Scheduling Auction and Sale Hearing; and (C) Approving the Form of Notice; (II) An Order Authorizing Abandonment of assets Not Sold at Auction, and (III) Granting Related Relief (the "Motion"),[1] filed by Sam Kane Beef Processors, LLC, the above-captioned debtor and debtor in possession (the "Debtor"). The Court having reviewed the Motion and any objections thereto; and based on the matters reflected in the record of the hearing held on the Motion; it appearing that the Court has jurisdiction to consider the matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b); that notice of the Motion was sufficient; and it appearing that the relief requested is in the best interests of the Debtor, its estate, creditors, and other parties in interest, and that good cause has been shown therefore, finds that the Motion should be GRANTED.

IT IS HEREBY ORDERED THAT:

1.      The Bid/Auction Procedures attached hereto as Exhibit A are approved.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

2. Within one (1) business day of the entry of this order, the Debtor will serve by first class mail the notice of the proposed sale, attached hereto as Exhibit B, containing the date of the Auction and Sale Hearing to: (i) all potential purchasers previously identified or solicited by the Debtor and/or Gordian during this bankruptcy case; (ii) all other potentially interested parties identified by the Debtor and/or Gordian (collectively, with the parties identified in (i) above, the "Potential Purchasers"); (iii) the Office of the United States Trustee; (iv) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Assets (as defined in the Offers); (v) all applicable United States, state and local regulatory or taxing authorities, recording offices or any governmental entity which have a reasonably known interest in the relief requested; and (vi) all parties on the most current master service list filed in this case.

3. Any party asserting an interest in the Assets that intends to credit bid must file a Notice of Intent to Credit Bid not later than 5:00 p.m. Central Time on February 1, 2019 (a "Credit Bid Notice"). Such notice shall identify (i) the name of the entity holding an alleged lien or interest; (ii) the collateral in which the party asserts an interest; and (iii) the alleged amount of the debt secured by such lien or interest. If any other party-in-interest objects to a proposed credit bid, such party-in-interest shall file an Objection to Right to Credit Bid not later than 5:00 p.m. Central on February 4, 2019, or such objection shall be waived. All disputes regarding an asserted right to credit shall be resolved by the Court immediately prior to the commencement of the Auction. Rabo has agreed not to transfer its loan and security document to a third party prior to the Auction. Rabo shall submit its credit bid by the Bid Deadline. Rabo shall not otherwise participate in the auction as a Qualified Bidder. Rabo shall, however, be allowed to attend the auction and consult with the Debtor as a secured creditor.

4. Only Qualified Bidders may participate in the bidding process. To become a Qualified Bidder, a potential bidder must, on or before 3:00 p.m. Central Time on February 4,

2019 (the "Bid Deadline"), submit a Qualified Bid which shall: (i) be in writing to Debtor's advisors and counsel (addresses listed below) in a form to be approved by the Debtor; (ii) clearly outline the Purchased Asset lots to be acquired and excluded; (iii) deposit the greater $250,000 or 10% of Purchase Price Value in an escrow account to be held by Debtor's counsel; (iv) must not be subject to financing or due diligence contingencies or other conditions; (v) remain open until the conclusion of the Sale Hearing (as defined below); (vi) be accompanied by evidence establishing that the bidder is capable and qualified, financially, legally, and otherwise.

5. On or before 3:00 p.m. Central Time on February 5, 2019, the Debtor shall file a notice with the Court stating whether the Debtor has received Qualified Bids. The Debtor shall notify each Qualified Bidders of its status as a Qualified Bidder by facsimile or electronic mail.

6. An auction for the Assets (the "Auction") will be conducted on February 6, 2019, commencing at 9:30 a.m. Central Time in Courtroom 400, 515 Rusk, Houston, TX 77002. Only Qualified Bidders may participate in the auction. All Qualified Bidders, or their authorized representatives, must be physically present or present via teleconference at the auction. Debtor retains the right, in its discretion, to commence the auction with incremental bidding, sealed highest and best offers, or other method, as it sees fit to try to maximize value. The Debtor may conduct the auction by any grouping of assets, in any order, that it deems appropriate. Minimum overbid increments at the auction shall be in the amount of not less than $25,000.00.

7. All Qualified Bidders participating at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction.

8. The Debtor and its advisers, in their reasonable discretion, may adopt other or additional rules for the Auction at or prior to the Auction that, in their reasonable discretion, will

better promote the goals of the Auction and that are not inconsistent with any of the provisions of this Order, if applicable.

9.      At the conclusion of the auction, the Debtor will announce the highest and best Qualified Bid(s) (the "Highest and Best Bid(s)") and the next highest and best Qualified Bid (the "Back-Up Bid(s)").  The Debtor will seek approval of the Highest and Best Bid(s) at the Sale Hearing.  If for any reason, the Qualified Bidder(s) submitting the Highest and Best Bid(s) fails to timely consummate the purchase of the Assets, the Debtor may seek to consummate a sale based on the Back-Up Bid(s) without further approval by the Court.  The Back-Up Bid(s) and the obligation of the party submitting such bid(s) to consummate the purchase of the Assets shall remain open and in full force until the close of a sale of the Assets to the party making the Highest and Best Bid(s) or the party making the Back-Up Bid(s).

10.     The Sale Hearing approving and authorizing the Proposed Sale(s) to the Highest and Best Bidders(s) on terms and conditions consistent with the Offer(s) and in accordance with the Bid Procedures, shall be conducted by the Bankruptcy Court immediately following the conclusion of the Auction, or on such other date as may be established by the Bankruptcy Court. Unsuccessful Qualified Bidders shall not be permitted to submit new, higher bids at the Sale Hearing.

11.     Within three (3) business days after the conclusion of the auction described above, the Debtor shall return by check the full amount of the Alternative Buyer's Deposit submitted by each party that is not selected as submitting the Highest and Best Bid(s) or the Back-Up Bid(s).  If the sale of the Assets is consummated with the party submitting the Highest and Best Bid(s), the Alternative Buyer's Deposit of the party that is declared the Back-Up Bid(s) shall be returned by check transfer within three (3) business days after the closing of the sale to

the party submitting the Highest and Best Bid(s). In the event that closing does not occur by the date specified by the Back-Up Bidder(s) in its bid, it shall be entitled (at its option) to return of its deposit, in which case it shall no longer have the status of Back-Up Bidder(s).

12. Upon the conclusion of the Sale Hearing, the Debtor shall file a notice designating Assets remaining unsold for abandonment. If any party-in-interest objects to the proposed abandonment, such party must file an objection with the Court not later than seven business days following the filing of the notice (the "Abandonment Objection Deadline"). To the extent necessary, the Court shall set to resolve any objection to a proposed abandonment at such earliest time convenient for the Court.

13. Unless a party files an objection to the proposed abandonment by the Abandonment Objection Deadline, all assets designated for abandonment by the Debtor shall be deemed of inconsequential value and benefit to the Debtor's estate and may abandoned by the Debtor without further order of the Court pursuant to sections 102 and 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

14. This Order shall be effective and enforceable immediately upon entry.

Dated: _January 30_, 2019.

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

## BID/AUCTION PROCEDURES

### Participation Requirements and Submission of Qualified Bids

1. Except for credit bidders, any person interested in participating in the bidding process (a "Potential Bidder") must first deliver to the Debtor an executed confidentiality agreement satisfactory to the Debtor and its counsel and proof of financial wherewithal to close on a transaction. After delivery of an executed confidentiality agreement, Potential Bidders will be provided with confidential materials concerning the Debtor and the Purchased Assets, including access to an electronic data room containing relevant information regarding the Assets and the related business of the Debtor reasonably necessary to enable a Potential Bidder to evaluate the Assets and the prospective transaction. Potential Bidders that participated in the pre-petition outreach process and executed confidentiality agreements will be granted access to confidential information if they wish to participate in the Auction.

2. All due diligence must be completed before the Bid Deadline (as defined below). No condition(s) allowing or regarding further due diligence will be accepted or authorized after the Bid Deadline. Potential Bidders are required to exercise their own discretion before relying on any information regarding the Assets provided by the Debtor. Neither the Debtor nor its representatives are responsible for, and will bear no liability with respect to, any information obtained by Potential Bidders pursuant hereto.

3. Only Qualified Bidders may participate in the bidding process. To become a Qualified Bidder, a potential bidder must on or before 3:00 p.m. Central Time on February 4, 2019 (the "Bid Deadline") submit a bid which shall (i) be submitted in writing to Debtor's advisors and counsel (addresses listed below) in a form to approve by the Debtor; (ii) clearly outline the Purchased Asset lots to be acquired and excluded; (iii) deposit the greater of $250,000 or 10% of the purchase price in an escrow account to be held by Debtors counsel; (iv) must not be subject to financing or due diligence contingencies or other conditions; (v) remain open until the conclusion of the Sale Hearing (as defined below); (vi) be accompanied by evidence establishing that the bidder is capable and qualified, financially, legally, and otherwise. Designated representatives of Marquette, Rabo, and the PSA Claimants, to the extent they are not participating in the Auction as a Qualified

1

Bidder, may attend the Auction, review bids, and consult with the Debtor in its evaluation of the bids.

4. All Potential Purchasers will be provided with a term sheet to be submitted for purposes of submitting their bid.
    a. The draft term sheet will specify the different lots of assets to be bid on. The lots include:
        i. Lot 1: All assets of the debtor, excluding cash.
        ii. Lot 2: PP&E and other assets necessary to operate the plant as a going concern.
        iii. Lot 3a: Inventory
        iv. Lot3b: Accounts Receivable
        v. Lot 4: Machinery and equipment
        vi. Lot 5: Land and building
    b. Potential Purchasers may submit multiple term sheets;
    c. Potential Purchasers submitting a bid for Lot 1 must also provide an allocation of the proposed purchase price as to Lots 3a and 3b. All parties reserve the right to object to the allocation and to the inclusion of Lots 3a and 3b among the assets to be sold;
    d. If the Potential Purchaser bids on Lot 1, they should provide a mark-up of the asset purchase agreement provided in the electronic data room. All other bids should include a form Bill of Sale;
    e. If for any reason, the Qualified Bidder(s) submitting the Highest and Best Bid(s) fails to timely consummate the purchase of the Assets, the Debtor may seek to consummate a sale based on the Back-Up Bid(s) without further approval by the Court. The term sheet must provide that the bidder is obligated to perform as a Back-Up Bidder; and
    f. To the extent there are any contracts to be assumed, the term sheet should include a provision that such costs are final and binding upon the applicable counterparty and the Debtor is authorized to pay such Cure Costs directly from the sale proceeds.

5. A Qualified Bidder that desires to make a Bid must deliver written electronic copies of its Bid on or prior to the Bid Deadline to any of the following representatives of the Debtor:

2

      a. Peter Kaufman (PSK@gordiangroup.com) and Liam Ahearn (LDA@gordiangroup.com), Gordian Group, 950 Third Avenue, New York, NY 10022

      b. Matthew S. Okin (mokin@okinadams.com) and David L. Curry, Jr. (dcurry@okinadams.com), Okin Adams 1113 Vine St. Suite 240, Houston, TX 77002

6. On or before 3:00 p.m. Central Time on February 5, 2019, the Debtor shall file a notice (the "Notice of Qualified Bids") with the Court stating whether the Debtor has received Qualified Bids. The Debtor shall notify each Qualified Bidder of its status as a Qualified Bidder by facsimile or electronic mail.

7. After the Bid Deadline, the Debtor, in consultation with parties in interest shall determine whether to proceed with an auction via incremental bids, sealed highest and best offer, or something else as determined by the Debtor. In any case, the Debtor, shall determine which Qualified Bid represents the then highest or otherwise best bid (the "Highest Bid" and the entity submitting such Bid, the "Highest Bidder"). If the Debtors elect to use an incremental bid format, prior to or at the start of the Auction, each Qualified Bidder that timely submitted a Qualified Bid or a Qualified Partial Bid will be advised of such Highest Bid. The Debtors reserve the right to: (a) distribute copies of other Qualified Aggregate Bids or Qualified Partial Bids to other Qualified Bidders prior to or during the Auction; or (b) proceed with the open or sealed bidding process set forth in the Bidding Procedures Order to the extent authorized therein.

### Notice of Intent to Credit Bid

8. Any party asserting an interest in the Assets that intends to credit bid must file a Notice of Intent to Credit Bid not later than 5:00 p.m. Central Time on February 1, 2019 (a "Credit Bid Notice"). Such notice shall identify (i) the name of the entity holding an alleged lien or interest; (ii) the collateral in which the party asserts an interest; (iii) the alleged amount of the debt secured by such lien or interest. If any other party-in-interest objects to a proposed credit bid, such party-in-interest shall file an Objection to Right to Credit Bid not later than 5:00 p.m. Central on February 4, 2019, or such objection shall be waived. All disputes regarding an asserted right to Credit Bid shall be resolved by the Court immediately prior to the commencement of the Auction.

9. Notwithstanding the foregoing provisions of this document, any party who submits a Notice of Intent to Credit Bid, to which no objection is filed and sustained, shall be deemed a Qualified Bidder.

### Due Diligence From Potential Bidders

10. Each Potential Bidder shall comply with all reasonable requests for additional information by the Debtor or its advisors regarding such Potential Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition transaction of the Assets. Failure by a Potential Bidder to comply with requests for additional information may be a basis for the Debtor to determine that a Potential Bidder is not a Qualified Bidder. Similarly, each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition transaction of the Assets as the Auction progresses. Failure by a Qualified Bidder to comply with requests for additional information may be a basis for the Debtor to determine that the Qualified Bidder may no longer participate in the Auction.

### Auction

11. If any bidders have submitted a Qualified Bid in accordance with the Sale Procedures Order hereof (each such bid, a "Qualified Bid"), then the Auction shall be held at 9:30 a.m. Central Time on February 6th, 2019 (or such other date as set by the Bankruptcy Court) in order to determine the highest and best Bid ( the "Prevailing Bid"). The Debtors plan to conduct the auction telephonically, with information to be provided no later than 5pm Central February 5th, 2019.

12. The Debtor is authorized to conduct the Auction in accordance with such procedures and requirements as may be established at the discretion of the Debtor and its advisors, which rules may include the determination of the amount of time between Qualified Bids, whether to adjourn the Auction at any time and from time to time, the conducting of multiple rounds of open or sealed bidding with notice only to the parties entitled to attend the Auction, and to declare that the Auction has ended when no further Bids are timely made or otherwise.

13. At the conclusion of the auction, the Debtor will announce the highest and best Qualified Bid(s) (the "Highest and Best Bid(s)") and the next highest and best

Qualified Bid (the "Back-Up Bid(s)"). The Debtor will seek approval of the Highest and Best Bid(s) at the Sale Hearing. If for any reason, the Qualified Bidder(s) submitting the Highest and Best Bid(s) fails to timely consummate the purchase of the Assets, the Debtor may seek to consummate a sale based on the Back-Up Bid(s) without further approval by the Court. The Back-Up Bid(s) and the obligation of the party submitting such bid(s) to consummate the purchase of the Assets shall remain open and in full force until the close of a sale of the Assets to the party making the Highest and Best Bid(s) or the party making the Back-Up Bid(s).

14. The Sale Hearing approving and authorizing the Proposed Sale(s) to the Highest and Best Bidders(s) on terms and conditions consistent with the Offer(s) and in accordance with the Bid Procedures, shall be conducted by the Bankruptcy Court immediately following the conclusion of the Auction, or on such other date as may be established by the Bankruptcy Court. Unsuccessful Qualified Bidders shall not be permitted to submit new, higher bids at the Sale Hearing.

15. Within three (3) business days after the conclusion of the auction described above, the Debtor shall return by check the full amount of the Alternative Buyer's Deposit submitted by each party that is not selected as submitting the Highest and Best Bid(s) or the Back-Up Bid(s). If the sale of the Assets is consummated with the party submitting the Highest and Best Bid(s), the Alternative Buyer's Deposit of the party that is declared the Back-Up Bid(s) shall be returned by check transfer within three (3) business days after the closing of the sale to the party submitting the Highest and Best Bid(s). In the event that closing does not occur by the date specified by the Back-Up Bidder(s) in its bid, it shall be entitled (at its option) to return of its deposit, in which case it shall no longer have the status of Back-Up Bidder(s);

16. The assets are being sold as is, where is, and without any representations, other than as to title. Notwithstanding any other provision of these bid procedures, any Potential Bidder and Potential Purchaser of assets understands that it must comply with all applicable state and federal laws regarding decontamination.

**Modifications**

17. The Debtor, may adopt, implement, and/or waive such other, additional or existing procedures or requirements that serves to further an orderly Auction and bid process, including, but not limited to, extending the deadlines herein, the imposition of a requirement that all Qualified Bidders submit sealed Qualified Bids during the Auction, all without further notice except to those parties that would be entitled to attend at an Auction or participated in the Auction, as appropriate.

18. The Debtors, may (a) determine which Potential Bids are Qualified Bids, (b) determine which Qualified Bid, if any, is the Prevailing Bid or Back-up Bid, and (c) reject at any time before entry of the Prevailing Bidder Sale Order approving the Prevailing Bid, any Bid that, in the discretion of the Debtor is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Debtor's estates and their creditors. At or before the conclusion of the Auction, the Debtor may impose such other terms and conditions upon Qualified Bidders as the Debtor determines to be in the best interests of the Debtor's estates in this case.

## Limitation of Rights Transferred

19. The following language shall be included in any order approving a sale of the Debtor's assets under section 363 of the Bankruptcy Code:

    *Nothing in this Order, the Emergency Motion or any Sale Agreement releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit arising from or related to the enforcement of any applicable police or regulatory law or regulation (including but not limited to those of the Texas Commission on Environmental Quality) to which any entity would be subject to as the owner or operator of property from and after the date of the closing of the Sale. Nothing in this Order authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police and regulatory law.*

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **In re:** | § § | |
| **SAM KANE BEEF PROCESSORS, LLC,**[1] | § § | **Case No. 19-20020** |
| Debtor. | § | **Chapter 11** |

**NOTICE OF AUCTION AND SALE HEARING**

PLEASE TAKE NOTICE that the above-captioned debtor and debtor in possession (collectively, the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court") on January 23, 2019 (the "Petition Date").

After a wide marketing process including to strategic, financial and family office investors, debtors have decided this is best way to maximize value for the only commercial size beef processing plant in South Texas.

Within one (1) business day of the entry of an order approving this Motion, the Debtor will serve by first class mail a notice of the proposed sale containing the date of the Auction and Sale Hearing to: (i) all potential purchasers previously identified or solicited by the Debtor and/or Gordian during this bankruptcy case; (ii) all other potentially interested parties identified by the Debtor and/or Gordian (collectively, with the parties identified in (i) above, the "Potential Purchasers"); (iii) the Office of the United States Trustee; (iv) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Assets (as defined in the Offers); (v) all applicable United States, state and local regulatory or taxing authorities, recording offices or any governmental entity which have a reasonably known interest in the relief requested; and (vi) all parties on the most current master service list filed in this case.

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Sam Kane Beef Processors, LLC (0433).

1

## NOTICE OF INTENT TO CREDIT BID.

Any party asserting an interest in the Assets that intends to credit bid must file a Notice of Intent to Credit Bid not later than 5:00 p.m. Central Time on February 1, 2019 (a "Credit Bid Notice"). Such notice shall identify (i) the name of the entity holding an alleged lien or interest; (ii) the collateral in which the party asserts an interest; (iii) the alleged amount of the debt secured by such lien or interest. If any other party-in-interest objects to a proposed credit bid, such party-in-interest shall file an Objection to Right to Credit Bid not later than 5:00 p.m. Central on February 4, 2019, or such objection shall be waived. All disputes regarding an asserted right to credit shall be resolved by the Court immediately prior to the commencement of the Auction.

All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures in their entirety.

## CONTACT PERSONS FOR PARTIES INTEREST IN SUBMITTING A BID

The Bidding Procedures set forth the requirements for submitting a Qualified Bid, and any person interest in making an offer to purchase the Assets must comply strictly with the Bidding Procedures. Only Qualified Bids will be considered by the Debtors, in accordance with the Bidding Procedures.

**Any interested bidder should contact, as soon as practicable:**

**Gordian Group, LLC**
950 3rd Avenue, 17th Floor
New York, NY 10022
Attn.: Peter Kaufman, Liam Ahearn
PSK@gordiangroup.com
LDA@gordiangroup.com
(tel.) +1 212 486 3600
(tel.) +1 212 486 3616

## QUALIFIED BIDDERS.

Only Qualified Bidders may participate in the bidding process. To become a Qualified Bidder, a potential bidder must on or before 3:00 p.m. Central Time on February 4, 2019 (the "Bid Deadline") (i) be submitted in writing to Debtor's advisors and counsel
2

(addresses listed below) in a form to approve by the Debtor; (ii) clearly outline the Purchased Asset lots to be acquired and excluded; (iii) deposit the greater of $250,000 or 10% of the purchase price in an escrow account to be held by Debtors counsel; (iv) must not be subject to financing or due diligence contingencies or other conditions; (v) remain open until the conclusion of the Sale Hearing (as defined below); (vi) be accompanied by evidence establishing that the bidder is capable and qualified, financially, legally, and otherwise.

## OBTAINING ADDITIONAL INFORMATION

Copies of the Bidding Procedures Motion, the Bidding Procedures and the Bidding Procedures Order, as well as all related exhibits and all other documents filed with the Court can be requested by e-mail at [info@okinadams.com]. In the event of a discrepancy between this Notice and the Bidding Procedures, the Bidding Procedures shall control.

## IMPORTANT DATES AND DEADLINES

1. **Bid Deadline.** The deadline to submit a Qualified Bid is February 4, 2019 at 3:00p.m. (Central Time). In order to participate, must do the following:
   a. Submit in writing to Debtor's advisors and counsel their bid, including details of assets acquired and liabilities to be assumed;
   b. Deposit the greater of $250,000 or 10% of the purchase price in escrow account to be held by Debtor's counsel (details to be provided);
   c. Must not be subject to financing or due diligence contingencies or other conditions
   d. Remain open until the conclusion of the Sale Hearing (as defined below);
   e. Be accompanied by evidence establishing that the bidder is capable and qualified, financially, legally, and otherwise.

2. **Term Sheets:** All Potential Purchasers will be provided with a term sheet to be submitted for purposes of submitting their bid.
   a. The draft term sheet will specify the different lots of assets to be bid on. The lots include:
      i. Lot 1: All assets of the debtor, excluding cash.
      ii. Lot 2: PP&E and other assets necessary to operate the plant as a going concern.
      iii. Lot 3a: Inventory

3

    iv. Lot3b: Accounts Receivable
    v. Lot 4: Machinery and equipment
    vi. Lot 5: Land and building
 b. Potential Purchasers may submit multiple term sheets;
 c. Potential Purchasers submitting a bid for Lot 1 must also provide an allocation of the proposed purchase price as to Lots 3a and 3b. All parties reserve the right to object to the allocation and to the inclusion of Lots 3a and 3b among the assets to be sold;
 d. If the Potential Purchaser bids on Lot 1, they should provide a mark-up of the asset purchase agreement provided in the electronic data room. All other bids should include a form Bill of Sale;
 e. If for any reason, the Qualified Bidder(s) submitting the Highest and Best Bid(s) fails to timely consummate the purchase of the Assets, the Debtor may seek to consummate a sale based on the Back-Up Bid(s) without further approval by the Court. The term sheet must provide that the bidder is obligated to perform as a Back-Up Bidder; and
 f. To the extent there are any contracts to be assumed, the term sheet should include a provision that such costs are final and binding upon the applicable counterparty and the Debtor is authorized to pay such Cure Costs directly from the sale proceeds.

3. **Notice of Qualified Bidders.** On or before 3:00 p.m. Central Time on February 5, 2019, the Debtor shall file a notice (the "Notice of Qualified Bids") with the Court stating whether the Debtor has received Qualified Bids. The Debtor shall notify each Qualified Bidder of its status as a Qualified Bidder by facsimile or electronic mail.

4. **Auction.** An auction for the Assets will be conducted telephonically on February 6, 2019, commencing at 9:30 a.m. Central Time. Only Qualified Bidders may participate in the auction. All Qualified Bidders, or their authorized representatives, must be present via teleconference at the auction. Debtor retains the right, in its discretion, to commence the auction with incremental bidding, sealed highest and best or other, as it sees fit to try to maximize value. The Debtor may conduct the auction by any grouping of assets, in any order, that it deems appropriate. Minimum overbid increments at the auction shall be in the amount of not less than $25,000.

All Qualified Bidders participating at the Auction shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction. If you are deemed a Qualified Bidder, the Debtor will provide information regarding attendance and appearance at the Auction.

5. **Selection of the Highest and Best Bid(s).** At the conclusion of the auction, the Debtor will announce the highest and best Qualified Bid(s) (the "Highest and Best Bid(s)") and the next highest and best Qualified Bid (the "Back-Up Bid(s)"). The Debtor will seek approval of the Highest and Best Bid(s) at the Sale Hearing. If for any reason, the Qualified Bidder(s) submitting the Highest and Best Bid(s) fails to timely consummate the purchase of the Assets, the Debtor may seek to consummate a sale based on the Back-Up Bid(s) without further approval by the Court. The Back-Up Bid(s) and the obligation of the party submitting such bid(s) to consummate the purchase of the Assets shall remain open and in full force until the close of a sale of the Assets to the party making the Highest and Best Bid(s) or the party making the Back-Up Bid(s).

6. **Sale Hearing.** The Sale Hearing approving and authorizing the Proposed Sale(s) to the Highest and Best Bidders(s) on terms and conditions consistent with the Offer(s) and in accordance with the Bid Procedures, shall be conducted by the Bankruptcy Court immediately following the conclusion of the Auction, or on such other date as may be established by the Bankruptcy Court. Unsuccessful Qualified Bidders shall not be permitted to submit new, higher bids at the Sale Hearing.

7. **Return of Deposits.** Within three (3) business days after the conclusion of the auction described above, the Debtor shall return by check the full amount of the Alternative Buyer's Deposit submitted by each party that is not selected as submitting the Highest and Best Bid(s) or the Back-Up Bid(s). If the sale of the Assets is consummated with the party submitting the Highest and Best Bid(s), the Alternative Buyer's Deposit of the party that is declared the Back-Up Bid(s) shall be returned by check transfer within three (3) business days after the closing of the sale to the party submitting the Highest and Best Bid(s). In the event that closing does not occur by the date specified by the Back-Up Bidder(s) in its bid, it shall be entitled (at its option) to return of its deposit, in which case it shall no longer have the status of Back-Up Bidder(s).

8. **Notice.** The State will request that a buyer of the real property agree to provide reasonable access to such real property for environmental inspection purposes as a condition of the sale.

## FILING OBJECTIONS

Sale Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court by no later than the Sale Objection Deadline and (d) be served on (i) proposed counsel for the Debtor, (y) Okin Adams, 1113 Vine Street, Suite 240, Houston, TX 77002, Attn: David Curry, Matthew Okin, and Ryan A. O'Connor.

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*Any party or entity who fails to timely make an objection to the Sale Transaction on or before the Sale Objection Deadline in accordance with the Bidding Procedures Order and this Notice shall be forever barred from asserting any objection to the Sale Transaction, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests.*

## NO SUCCESSOR LIABILITY

*The Debtors manufacture a variety of beef products. For more information on the Debtors' business or their products, refer to the Declaration and material provided in the electronic data room. The Sale Transaction will be free and clear of, among other things, any claim arising from any conduct of the Debtors prior to the closing of the Sale Transaction, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such claim arises out of or relates to events occurring prior to the closing of the Sale Transaction.*

[*Remainder of Page Intentionally Left Blank*]

Respectfully submitted this 29th day of January, 2019.

**OKIN ADAMS LLP**

By:    /s/ *Matthew S. Okin*
     Matthew S. Okin
     Texas Bar No. 00784695
     Email: mokin@okinadams.com
     David L. Curry, Jr.
     State Bar No. 24065107
     Email: dcurry@okinadams.com
     Ryan A. O'Connor
     State Bar No. 24098190
     Email: roconnor@okinadams.com
     1113 Vine St. Suite 240
     Houston, TX 77002
     Tel: (713) 228-4100
     Fax: (888) 865-2118

**PROPOSED ATTORNEYS FOR THE DEBTOR**