

ENTERED
01/30/2019

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SAM KANE BEEF PROCESSORS, LLC, | § | Case No. 19-20020 |
| | § | |
| Debtor. | § | Chapter 11 |

**SECOND INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) USE PROPERTY OF THE ESTATE, OR (B) USE CASH COLLATERAL PURSUANT TO 363(C) OF THE BANKRUPTCY CODE; (II) GRANTING ADEQUATE PROTECTION FOR THE USE THEREFORE; AND (III) GRANTING RELEATED RELIEF**
(Relates to Doc. No. __)

**IT IS ORDERED THAT:**

1. The Debtor is authorized, in the exercise of its business judgment, to pay actual and necessary expenses associated with the operation of the Debtor and its business to maintain operations and to preserve and maintain all property of the estate and property within its control through and including February 10, 2019. On a daily basis, the Debtor shall provide Marquette, RaboBank, and the PSA Claimants with a record of actual disbursements made and receipts deposited on the previous day.

2. The Court makes no determination as to what entities, if any, have an interest in the cash that is authorized to be spent under this or any prior Order. If any such entities exist, then such entities are granted replacement interests on any and all assets acquired by the Debtor from and after the Petition Date (except as set forth on the record at the January 30, 2019 hearing) in the same type order and priority as existed on the Petition Date, as adequate protection for any diminishment in the value of their interest.

3. To the extent the adequate protection rights granted under this Order are insufficient to provide adequate protection against the diminution, if any, in value of any entity's valid interest in the cash authorized to be spent hereunder, each such entity is hereby granted a

superpriority claim under 11 U.S.C. § 507(b) equal to the amount of the diminution of such entity's interest.

4. The Court's ability to employ the doctrine of marshalling in this case is expressly reserved. All rights of the Debtor and parties in interest to request surcharge of any collateral under 11 U.S.C. § 506(c) or otherwise are expressly preserved.

Dated: **1-30-2019**, 2019

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE