**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Sam Kane Beef Processors, LLC, | § | Case No. 19-20020 |
| | § | |
| Debtor. | § | |

**MARQUETTE TRANSPORTATION FINANCE, LLC
AND THE TEXAS CATTLE FEEDERS' EMERGENCY
MOTION FOR RELIEF FROM THE COURT'S ORDER
<u>IN AID OF THE ADMINISTRATION OF THE CASE</u>**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

> THERE WILL BE A HEARING ON THIS MATTER ON MONDAY, FEBRUARY 11, 2019 AT 4:00 P.M. IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002.

Marquette Transportation Finance, LLC ("**Marquette**") and Amigos Beef Cattle Company, LLC, Cal-Tex Feedyard, Inc., Carrizo Feeders, Ltd., Chapparral Feeders, Inc., Charco Cattle Feeders, Dawn Custom Cattle Feeders, Inc., Driskill Feedyard, Inc., Graham Land and Cattle Company, Immel Feedyard, Lipan Cattle Feeders, LLC, Live Oak Feedlot, Inc., Livestock Investors, Ltd. d/b/a Bar G Feedyard, Lubbock Feeders, LLC, Luckey Custom Feedlot, Inc., McDonald Bar 6 Feedlot, Inc., Morales Feed Lots, Inc., Runnels Peters Feedyards, LLC, Santa Fe Feeders, Ltd., Shearrer Feedlot, Inc., Starr Feedyards, Ltd., and Texana Feeders, Ltd. (collectively, the "**Texas Cattle Feeders**") file this *Emergency Motion for Relief from the Court's Order in Aid of the Administration of the Case* (the "**Rule 9024 Motion**") concurrently with its *Emergency Motion for Relief from the Automatic Stay and for Relief from the Court's Order in Aid of the Administration of the Case* [Docket No. 109] (the "**Motion for Relief from Stay**") and, in support thereof, would respectfully show the Court as follows:

## EMERGENCY CONSIDERATION

1. Marquette and the Texas Cattle Feeders seek emergency consideration of this Motion to preserve the value of the Debtor's accounts receivable in light of the results of the Auction announced on February 7, 2019. Marquette and the Texas Cattle Feeders could not seek this relief earlier because it required the Auction to be completed.

2. Marquette and the Texas Cattle Feeders request that this Motion be heard immediately after the hearing approving the sale on Monday, February 11, 2019 at 4:00 p.m.

## PRELIMINARY STATEMENT

3. Bankruptcy Local Rule 4001-1(a)(8) provides that motions seeking relief from the stay may never be combined with a request for other relief. In light of this prohibition, Marquette and the Texas Cattle Feeders file this separate Rule 9024 Motion under Federal Rule of Bankruptcy Procedure 9024.

4. The relief sought pursuant to Rule 9024 is inherently linked to the Motion for Relief from Stay because Marquette and the Texas Cattle Feeders cannot collect the Debtor's A/R without the Court vacating the Administration Order directing all payments be made to the Debtor.

5.     To the extent the Court requires separate orders for the Rule 9024 Motion and the Motion for Relief from Stay, Marquette and the Texas Cattle Feeders will submit an additional order.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

7.     Venue of this Chapter 11 matter and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     The subject of the motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), (E), and (O).

9.     The relief requested herein may be granted in accordance with the provisions of Section 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9024 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

### A.     Pre-Bankruptcy Background

10.    Sam Kane Beef Processors, LLC (the "**Debtor**") operated a meat-packing plant in Corpus Christi, Texas.

11.    In April 2016, Marquette and the Debtor entered into a factoring agreement (the "**Factoring Agreement**") secured by a first lien on the Debtor's accounts receivable (the "**A/R**"). The Debtor defaulted under this Factoring Agreement in July 2018, and Marquette and the Debtor entered into a Forbearance Agreement.

12.    The Texas Cattle Feeders sold cattle to the Debtor, but the Debtor allegedly failed to pay for its cattle purchases. The Texas Cattle Feeders assert that they preserved their rights pursuant to the Packers and Stockyards Act of 1921 (the "**PSA**") and that a trust was created on the Debtor's livestock, meat products, accounts receivable, and proceeds thereof to ensure the payment of amounts still owed to them. Marquette and the Texas Cattle Feeders thus assert competing interests in the A/R.

13.    The Texas Cattle Feeders intervened in a suit against the Debtor brought by the United States for violations of the PSA and named Marquette, among others, as a defendant. The Court entered an agreed preliminary injunction (the "**Preliminary Injunction**") on July 25, 2018. After the Debtor failed to make the

payments required by the Preliminary Injunction, the District Court appointed Richard S. Schmidt as the receiver over the Debtor (the "**Receiver**").

B.   **Summary of Bankruptcy Events**

14.   On January 22, 2019 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code because it was unable to continue operations.

15.   On January 23, 2019, the Court entered the Order in Aid of Administration of the Case [Docket No. 15] (the "**Administration Order**") directing that "[a]ll amounts due to the Debtor should be paid directly to the Debtor and deposited into a debtor-in-possession account."

16.   Although the Debtor identified a stalking horse purchaser prior to filing, that sale did not go forward. On January 28, 2019, less than a week after the Petition Date, the Debtor filed its *Emergency Motion Pursuant to 11 U.S.C. §§ 105, 363, 365 and 554, and Bankruptcy Rules 2002, 6004, and 6006 for Entry of (I) an Order (A) Approving Auction and Bidding Procedures; (B) Scheduling Auction and Sale Hearing; and (C) Approving the Form of Notice; (II) An Order Authorizing Abandonment of Assets Not Sold at Auction, and (III) Granting Related Relief* [Docket No. 49] (the "**Sale Motion**") seeking to conduct an auction to sell the Debtor's assets.

17.   Marquette objected to the Debtor's Sale Motion (i) to the extent approval of the Sale Motion could be construed to constitute a waiver of any parties' rights of surcharge or to permit the sale of any assets of the Debtor free and clear of any surcharge, reimbursement, or other clawback rights that may presently exist, and (ii) to make affirmative demand for adequate protection of its interests under 11 U.S.C. § 363(e).

18.   On February 6, 2019, the Auction commenced. No one bid on the Debtor's assets as a going concern, but the Auction did result in a sale of the Debtor's assets, excluding accounts receivable, inventory, and cash. On February 7, 2019, the Debtor announced the conclusion of the Auction to the Court. On February 8, 2019, the Debtor filed the *Notice of Winning Bidder* [Docket No. 105] (the "**Notice**") announcing the terms of the proposed sale. The term sheet attached as Exhibit A to the Notice [Docket No. 105-1] (the "**Term Sheet**") confirms that the A/R is excluded from the sale.

19.   The final hearing to approve the sale is scheduled for Monday, February 11, 2019 at 4:00 p.m.

20. After the sale is approved, the Debtor will no longer operate.

**RELIEF REQUESTED**

21. Marquette and the Texas Cattle Feeders respectfully request that the Court enter an Order vacating the Administration Order consistent with this Rule 9024 Motion and the Motion for Relief from Stay. The proceeds of the A/R collection will be held by Marquette until further order of this Court in a segregated account, and Marquette will report to the Debtor and the Court accordingly.

22. In order the collect the A/R, Marquette and the Texas Cattle Feeders request that the Court order the Debtor to provide the following:

    (a) A detailed report of A/R aging current to the time of the transition;

    (b) The Debtor's full customer list, including contact information;

    (c) Any collection notes the Receiver or the Debtor may have as A/R payments were directed to the Debtor pursuant to the Administration Order;

    (d) Copies of invoices and shipping documents for any invoices not received or purchased; and

    (e) The remittance advices and all checks directed to the Debtor since the Administration Order, until the checks are redirected from the Debtor pursuant to an Order granting this Motion.

**ARGUMENT**

23. By this Rule 9024 Motion and the Motion for Relief from Stay, Marquette and the Texas Cattle Feeders respectfully request that the Court allow them to collect the Debtor's A/R to aid in the recovery of their claims against the Bankruptcy Estate.

24. Pursuant to Rule 9024 of the Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure, the Court may relieve a party "from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Bank. P. 9024.

25. The Administration Order requires that amounts owed to the Debtor be "paid directly to the Debtor and deposited into a debtor-in-possession account." To aid in the collection of A/R, Marquette and the Texas Cattle Feeders seek relief from this requirement. Marquette and the Texas Cattle Feeders intend to collect the A/R and hold it in escrow until its allocation and disbursement is determined.

26. As a result of the Auction, the Debtor is no longer operating and therefore does not need cash to sustain its operations. Furthermore, after the sale is confirmed, the Receiver will no longer have an office or the staff to engage in the collection of the A/R. The A/R would ultimately flow from the Debtor to Marquette and the Cattle Feeders; Marquette and the Cattle Feeders simply wish to assume the responsibility of collecting.

27. In light of the Auction and in the interest of efficiency, the Administration Order is no longer equitable and should be vacated.

## CONCLUSION

28. For the reasons stated herein, Marquette and the Texas Cattle Feeders seek an Order vacating the Administration Order.

Dated: February 8, 2019.

Respectfully submitted,

| Bryan Cave Leighton Paisner LLP | Stokes Law Office LLP |
|---|---|
| By: */s/ Keith M. Aurzada*<br>Keith M. Aurzada (SBN 24009880)<br>Michael P. Cooley (SBN 24034388)<br>Lindsey L. Robin (SBN 24091422)<br>2200 Ross Avenue, Suite 3300<br>Dallas, Texas 75201<br>keith.aurzada@bclplaw.com<br>michael.cooley@bclplaw.com<br>lindsey.robin@bclplaw.com<br>(214) 721-8000 (Telephone)<br>(214) 721-8100 (Facsimile) | By: */s/ Craig A. Stokes*<br>Craig A. Stokes (SBN 19267700)<br>3330 Oakwell Court, Suite 225<br>San Antonio, TX 78218<br>Telephone (210) 804-0011<br>Facsimile (210) 822-2595<br>cstokes@stokeslawoffice.com |
| *Counsel for Marquette Transportation Finance LLC* | *Counsel for Texas Cattle Feeders* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served on February 8, 2019, via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic service in this case.

                                    */s/ Keith M. Aurzada*
                                          Keith M. Aurzada