IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SAM KANE BEEF PROCESSORS, LLC, | § | Case No. 19-20020 |
| | § | |
| Debtor. | § | Chapter 11 |

**STIPULATION FURTHER EXTENDING DEADLINES
AND PROVIDING FOR PAYMENT OF INTERIM EXPENSES**

The above-captioned debtor and debtor-in-possession (the "Debtor"), Rabo AgriFinance LLC, fka Rabo AgriFinance, Inc. ("Rabo"), Amigos Beef Cattle Company, LLC, Cal-Tex Feedyard, Inc., Carrizo Feeders, Ltd., Chaparral Feeders, Inc., Charco Cattle Feeders, Dawn Custom Cattle Feeders, Inc., Driskill Feedyard, Inc., Graham Land and Cattle Company, Immel Feedyard, Lipan Cattle Feeders, LLC, Live Oak Feedlot, Inc., Livestock Investors, Ltd. d/b/a A Bar G Feedyard, Lubbock Feeders, LLC, Luckey Custom Feedlot, Inc., McDonald Bar 6 Feedlot, Inc., Morales Feed Lots, Inc., Runnels Peters Feedyards, LLC, Santa Fe Feeders, Ltd., Shearrer Feedlot, Inc., Starr Feedyards, Ltd., and Texana Feeders, Ltd. (collectively, the "Texas Cattle Feeders" or "TCF")[1], and JDH Capital Company (the "Purchaser", and together with the Debtor, Rabo, TCF, and Marquette, the "Parties") hereby enter into this stipulation (this "Stipulation") as follows:

WHEREAS, on February 14, 2019, the Court entered the *Order (A) Approving the Sale of the Debtors Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests; (B) Authorizing the Assumption, Assignment, and Sale of Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 137] (the "Sale Order").

---

[1] The Texas Cattle Feeders assert statutory trust claims pursuant to the Packers and Stockyard Act, in addition to other claims. On February 22, 2019, the United States Department of Agriculture filed its Notice of Statutory Trust Claims Received by the USDA [ECF # 146] (the "USDA Notice") identifying those alleged trust claims believed by the USDA to be valid. Pursuant to the USDA Notice, TCF creditors hold approximately $27,760,736.41 of the estimated $31,550,489.78 apparently valid trust claims. Marquette Transportation Finance, LLC ("Marquette") reserves the right to challenge the assertions in this footnote in all respects.

WHEREAS, pursuant to the Sale Order, the Debtor and Purchaser entered into that Asset Purchase Agreement (the "Agreement") related to the sale of substantially all of the Debtor's assets to Purchaser (the "Transaction").

WHEREAS, among other terms, the Agreement sets forth certain conditions to close the Transaction ("Conditions") and established February 22, 2019 as the Target Closing Date.[2]

WHEREAS, because, as of February 22, 2019, not all Conditions were met and the Transaction did not close, the Parties desire to extend the Target Closing Date in order to provide sufficient time to close the Transaction.

**IT IS STIPULATED BY THE PARTIES THAT:**

1. The Parties agree that the Target Closing Date will be extended from February 22, 2019 to February 28, 2019.

2. TCF and Rabo have each agreed to respectively fund 50% of the expenses attributable to the operation of the Purchased Assets for the period commencing on February 23, 2019 and ending on February 28, 2019, but in any event such funding shall not exceed $200,000 in the aggregate without the express consent of Rabo and TCF.

3. Rabo has agreed to extend up to $100,000.00 in additional funds to the Debtor for the payment of expenses incurred in accordance with the attached Budget (attached hereto as Exhibit A).

4. TCF has agreed to fund its share of the expenses from that the portion of the funds currently held by the Debtor to which their clients have first claim.

5. Regardless of how the amounts are funded (including by check or use of cash) the funding referenced herein is being provided without a right to reimbursement, replacement lien or any other type of claim against the sale proceeds or any other assets of the Debtor's estate. It is an

---

[2] All capitalized terms used but not defined in this Stipulation have the meaning ascribed to such terms in the Sale Order or, if not defined in the Sale Order, defined in the Agreement.

express condition of the Debtor that it will only proceed with an extension on this sale if the cost to the estate is not increased in any way including the granting of any type of adequate protection for the use of funds as set forth herein.

6. Nothing in this order shall determine the relative priority of any lien, claim, encumbrance, or lien. All rights are reserved concerning the right, title and interest to any asset held by the bankruptcy estate, and specifically, any issue concerning priority between TCF and Marquette is preserved for determination by the proper court.

[*Remainder of Page Intentionally Left Blank*]

**IN WITNESS WHEREOF,** the Parties, by their authorized counsel, executed this Stipulation as of the date written below.

Corpus Christi, Texas
February 22, 2019

| | |
|---|---|
| */s/ Joshua A. Sussberg* | */s/ Michael Johnson* |
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) | Michael Johnson |
| **KIRKLAND & ELLIS LLP** | **RAY QUINNEY & NEBEKER P.C.** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | 36 South State Street, Suite 1400 |
| 601 Lexington Avenue | Salt Lake City, Utah 84111 |
| New York, New York 10022 | |
| Telephone:   (212) 446-4800 | *Counsel to Rabo* |
| Facsimile:   (212) 446-4900 | |
| Email:   joshua.sussberg@kirkland.com | |

-and-

Ryan Blaine Bennett, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   ryan.bennett@kirkland.com

*Counsel to Purchaser*

| | |
|---|---|
| */s/ David L. Curry, Jr.* | */s/ David LeBas* |
| David L. Curry, Jr. | David LeBas |
| State Bar No. 24065107 | **NAMAN HOWELL SMITH & LEE, PLLC** |
| Email: dcurry@okinadams.com | |
| **OKIN ADAMS LLP** | |
| 1113 Vine St. Suite 240 | 8310 N. Capital of Texas Highway, Suite 490 |
| Houston, Texas 77002 | Austin, Texas   78731 |
| | |
| *Counsel to Debtor* | *Counsel to TCF* |

**CERTIFICATE OF CONFERENCE**

The above stipulation was provided to counsel for Marquette Transportation Finance, LLC ("Marquette") on Sunday, February 25, 2019. On Monday, February 26, 2019, Marquette's counsel requested that paragraph 6 be added to the above Stipulation. This request was accepted. Upon request for authority to file, however, Marquette's counsel requested that footnote 1 (which footnote was requested by Debtor's counsel to provide notice regarding the TCF constituency and their alleged claims) be significantly modified. Given that footnote 1, which like the remainder of the Stipulation, is subject to the reservation of rights set forth in paragraph 6 and is provided for notice purposes only, Debtor's counsel attempted to engage Marquette's counsel in further discussion. Debtor's counsel emailed Mr. Aurzada, Mr. Cooley, and Mr. Fisher collectively and placed phone calls to each individually in an effort to ascertain the nature of Marquette's objection. Mr. Aurzada then requested that the Debtor note that Marquette reserved the right to challenge the assertions in footnote 1. Although this change was made, Mr. Aurzada has not responded to requests from Debtor's counsel that he authorize filing of the Stipulation. As such, Mr. Aurzada's signature block has been removed from this Stipulation. Nevertheless, while the Debtor understands that Marquette has concerns regarding the impact of this Stipulation upon future arguments related to the nature and priority of its lien and claim, the Debtor files this Stipulation having made revisions as requested by Marquette's counsel and with the understanding that Marquette, subject to the reservation of rights set forth herein, does not object to the attached Budget or to the use of cash outlined therein.