IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **SAM KANE BEEF PROCESSORS, LLC,**[1] | § | **Case No. 19-20020** |
| | § | |
| Debtor. | § | **Hearing Date and Time:** |
| | § | **October 11, 2019 at 2:30 p.m.** |
| | § | **(Prevailing Central Time)** |
| | § | |
| | § | **Hearing Location:** |
| | § | **Houston, Courtroom 400 (DRJ)** |

_____

**LIMITED OBJECTION TO PROPOSED CHAPTER 11 PLAN AND
INCORPORATED SETTLEMENT AGREEMENT**

_____

Ryley, Carlock & Applewhite ("RCA"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the Debtor's Chapter 11 Plan and Related Disclosure Statement (the "Plan") and 543 Settlement Agreement (the "Agreement"). In support of its Limited Objection, RCA respectfully represents as follows:

**SUMMARY**

RCA holds a prepetition claim against the Debtor for fees that were incurred both prior to the Receivership and during the Receivership. This Limited Objection is only addressed to those fees incurred during the Receivership. RCA objects to the Plan to the

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Sam Kane Beef Processors, LLC (0433).

4660978.1

extent any provision of the Plan would preclude or prejudice RCA's right to recover those fees as a member of the "543 Class".

## BACKGROUND

1. The Debtor, the Feeders, and Marquette[2] reached a settlement agreement which affects the rights of all of the creditors who provided services to the Receiver during the course of the Receivership.

2. They came to this settlement agreement without consulting or seeking any input from those whose rights they were negotiating.

3. RCA provided services to the Receiver from October 5, 2018 – January 2019 and was not compensated for those services. The amount for fees and costs totals $40,408.86.

4. RCA has made the issue of its fees known from the outset of this bankruptcy. Recently, during a telephonic hearing, this Court directed RCA's counsel to confer with counsel for the Debtor. While there are some disagreements, Debtor's counsel represented that these fees are part of the 543 Claims. However, this is not identified in the Plan or the Agreement.

5. Because there is no identification of the specific creditors who hold 543 Claims as defined in the Plan, RCA is filing this limited objection to ensure that its fees from services provided to the Receiver are included in the Class 4, 543 Claims. Until RCA has this certainty, it cannot consent to the Plan.

---

[2] The definitions for Debtor, Feeders and Marquette are the same as those set forth in the Settlement Agreement and Plan. The same is true for Receiver and Receivership.

2

## **PRAYER**

WHEREFORE, undersigned counsel respectfully requests that the Debtor confirm that RCA's fees and costs for services provided during the Receivership are considered 543 Claims under Class 4.

Respectfully submitted this 8th day of October, 2019.

RYLEY CARLOCK  & APPLEWHITE

*/s/ Anne E. Zellner*
Anne E. Zellner
1700 Lincoln St., Ste. 3500
Denver, CO  80203
303-863-7500
azellner@rcalaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above documents listed was served to all parties via ECF on October 8, 2019.

*/s/ Ann I. Palius*
Ann I. Palius