

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

ENTERED
10/17/2019

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **SAM KANE BEEF PROCESSORS, LLC,** | § | **Case No. 19-20020** |
| | § | |
| Debtor. | § | **Chapter 11** |

**ORDER CONFIRMING THE CHAPTER 11 PLAN AND RELATED DISCLOSURE
STATEMENT OF SAM KANE BEEF PROCESSORS, LLC**

On October 17, 2019, the Bankruptcy Court conducted a hearing (the "Confirmation Hearing") to consider confirmation of the *Chapter 11 Plan and Related Disclosure Statement* [ECF # 369] (as may be further amended, supplemented or modified, the "Plan")[1] filed by Sam Kane Beef Processors, LLC, as debtor and debtor in possession (the "Debtor"). Having considered the Plan, and based on the evidence presented at the Confirmation Hearing, including, the Debtor's Confirmation Materials (defined below), the arguments and representations of counsel, and the entire record in the above-captioned chapter 11 proceedings (the "Bankruptcy Case"), the Court enters this order (the "Confirmation Order") and makes the following findings of fact and conclusions of law (the "Findings of Fact" and "Conclusions of Law") in support of confirming the Plan pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding by Bankruptcy Rule 9014.

All Findings of Fact and Conclusions of Law announced by the Court at the Confirmation Hearing are hereby incorporated herein for all purposes, to the extent not inconsistent herewith. To the extent that any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.    Introduction

1.      On January 22, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (this "Court").

2.      Prior to the Petition Date, the Debtor operated a meat packing plant located at 9001 Leopard Street in Corpus Christi, Texas.

3.      Since the Petition Date, the Debtor has operated their business and managed its property as a debtor in possession pursuant to §§ 1107(a) and 1108) of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Bankruptcy Case, and no committees have been appointed or designated.

4.      On March 27, 2019 the Debtor filed its *Motion Pursuant to 11 U.S.C. §§ 543 and 506(c) for Entry of an Order (I) Deeming the Receiver's Accounting and Reporting Requirements Satisfied or Waived; (II) Protecting Prepetition Receivership Creditors; (III) Compensating the Receiver and His Professionals for Receivership Expenses; (IV) Approving Procedures and Notice to Potential Receivership Creditors; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [ECF # 185] (the "543 Motion"), seeking, amongst other relief, authority to pay certain unpaid expenses incurred by the Receiver in operating the Debtor prior to the Petition Date.

5.      Certain parties-in-interest, including, but not limited to Marquette Transportation Finance, LLC ("Marquette") and the TCF Feeders (as defined in the Plan) objected to the 543 Motion.

6.      On July 17, 2019, the Debtor, Marquette, and certain Feeders, including the TCF Feeders, announced an agreement (the "543 Settlement") on the record to resolve the 543 Motion,

which agreement has been memorialized in that Settlement and Release Agreement [ECF # 380-1] (the "543 Settlement Agreement").

7.      On September 20, 2019, the Debtor filed its Plan, which incorporates the 543 Settlement and 543 Settlement Agreement.

8.      This Plan and the 543 Settlement Agreement were considered by the Court at the Confirmation Hearing and these Findings of Fact and Conclusions of Law are made with respect to confirmation of the Plan.

**B.      Jurisdiction and Venue**

9.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Confirmation of this Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

**C.      Eligibility for Relief**

10.     The Debtor was and continued to be eligible for relief under section 109 of the Bankruptcy Code.

**D.      Solicitation Materials and Related Matters**

11.     On September 20, 2019, the Debtor filed its *Emergency Motion for Entry of an Order (i) Conditionally Approving the Combined Disclosure Statement and Plan; (ii) Setting a Date for Final Hearing on the Combined Disclosure Statement and Plan; (iii) Approving the Form and Manner of Solicitations Materials; (iv) Establishing Procedures for Soliciting and Voting on the Combined Disclosure Statement and Plan; and (v) Establishing an Administrative Claim Bar Date and Approving the Form and Manner of Notice Thereof* [ECF # 370]

12.     On September 23, 2019, the Court entered the *Order Granting Debtor's Emergency Motion for Entry of an Order (i) Conditionally Approving the Combined Disclosure Statement and*

*Plan; (ii) Setting a Date for Final Hearing on the Combined Disclosure Statement and Plan; (iii) Approving the Form and Manner of Solicitations Materials; (iv) Establishing Procedures for Soliciting and Voting on the Combined Disclosure Statement and Plan; and (v) Establishing an Administrative Claim Bar Date and Approving the Form and Manner of Notice Thereof* [ECF # 371] (the "Solicitation Order").

13.     On September 25, 2019, the Debtor served the Solicitation Materials on Holders of Claims and equity Interest in classes 2, 4, 5, 6, and 7 pursuant to the Solicitation Order.

14.     On September 26, 2019, the Debtor filed a *Notice of Service of Solicitation Materials* [ECF # 375] which contained a redline of the non-material changes made to the Plan, after entry of the Solicitation Order but prior to service of the Solicitation Materials, attached to such notice as Exhibit F [ECF # 375-6].

15.     Pursuant to the Solicitation Order, on October 4, 2019, the Debtor filed a *Notice of Filing Plan Supplement* [ECF # 380] comprised of the 543 Settlement Agreement; the Liquidating Trust Agreement; and the Schedule of Preserved Claims, Causes of Action, and Rights of Action.

16.     On October 10, 2019, the Debtor filed its Notice of Filing of Confirmation Materials [ECF # 386] (the "Confirmation Materials"), which included as attachments: (i) Declaration of David L. Curry, Jr.; (ii) Ballot Summary; (iii) Liquidation Analysis; (iv) a conformed Plan; (v) redline of changes to Plan.

**E.     The 543 Settlement Agreement**

17.     For reasons set out in the Plan, the Debtor has determined it is in the best interest of the estate and its creditors to enter into the 543 Settlement Agreement with Marquette and the Signatory Feeders (as defined in the Plan). The 543 Settlement Agreement is embodied within the Plan. The terms of the Settlement Agreement are more fully set forth in the 543 Settlement

4

Agreement. To the extent of any inconsistencies between the Plan, the Liquidating Trust Agreement, the Confirmation Order, or the 543 Settlement Agreement, the 543 Settlement Agreement shall govern as to the treatment of the Signatory Feeders, Marquette and the Released Parties (as defined in the 543 Settlement Agreement).

**F.    Adequacy of Disclosure Statement**

18.    The Disclosure Statement (i) contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable nonbankruptcy rules, laws, and regulations, including the Securities Act, and (ii) contains "adequate information" (as such term is defined in Section 1125(a) of the Bankruptcy Code and used in Section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Plan, and the transactions contemplated therein, and (iii) is hereby approved in all respects.

**G.    The Confirmation Hearing**

19.    On October 17, 2019, the Court held the Confirmation Hearing.   At the Confirmation Hearing the Debtor established the following record (the "Record") in support of confirmation of the Plan: (a) all documents identified on the Debtor's *Witness and Exhibit List* filed in the Bankruptcy Case in support of confirmation; (b) the testimony at the Confirmation Hearing; (c) the evidence in respect of transmittal and service of the Solicitation Materials; (d) the Ballot Summary; (e) the entire record of the Bankruptcy Case and the docket maintained by the clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case, as to all of which the Court takes judicial notice; and (f) the statements and argument of counsel on the record

at the Confirmation Hearing, and all papers and pleadings filed with the Court in support of, in opposition to, or otherwise in connection with confirmation of the Plan.

20.     To confirm the Plan, the Debtor is required to demonstrate that the Plan satisfies the provisions of Bankruptcy Code section 1129 by a preponderance of the evidence. *See In re Briscoe Enters. Ltd. II),* 994 F.2d 1160, 1165 (5th Cir. 1993), *cert. denied*, 510 U.S. 992 (1993).

>     i.     *11 U.S.C. § 1129(a)(1) and (a)(2): Compliance with Title 11*

21.     The classification and treatment of Claims and Interests are described in Articles 6 and 7 of the Plan, and the Plan implementation procedures are described in Article 8 of the Plan. The classification of Claims and Interests described in the Plan satisfies the standards of section 1122 of the Bankruptcy Code, and the contents of the Plan comply with the applicable provisions of section 1123 of the Bankruptcy Code.  Therefore, the requirements of section 1129(a)(1) of the Bankruptcy Code are satisfied.

22.     The Debtor has complied with the terms of the Solicitation Order, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas and the Local Rules of the United States District Court for the Southern District of Texas (collectively, the "Local Rules"), and the applicable provisions of the Bankruptcy Code.  As a result, the requirements of section 1129(a)(2) of the Bankruptcy Code are satisfied.

>     ii.     *11 U.S.C. § 1129(a)(3): Plan Proposed in Good Faith*

23.     The Debtor has proposed the Plan with the legitimate and honest purpose of maximizing the value of the Debtor's estate and making distributions to Holders of Claims and Interests.  The Plan has not been proposed by any means forbidden by law.  The Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code.  The Plan is

the result of good faith, arm's-length negotiations among the Debtor and Holders of Claims and Interests. Accordingly, the Plan has been proposed in good faith and not by any means forbidden by law as required by section 1129(a)(3) of the Bankruptcy Code.

   *iii.*  *11 U.S.C. § 1129(a)(4): Disclosure and Approval of Payments*

  24.  Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of the Bankruptcy Court as reasonable, as required by section 1129(a)(4) of the Bankruptcy Code.

   *iv.*  *11 U.S.C. § 1129(a)(5): Disclosure of Management and Payments to Insiders*

  25.  As required by section 1129(a)(5) of the Bankruptcy Code, the Debtor has disclosed the identities of the individuals proposed to serve as the directors and officers of Liquidating Debtor after the Effective Date of the Plan. Further, the Debtor has adequately disclosed the identity of the directors and officers who are insiders of the Debtor.

   *v.*  *11 U.S.C. § 1129(a)(6): Regulatory Rate Approval*

  26.  The Plan does not provide for a "rate change" as contemplated by section 1129(a)(6) of the Bankruptcy Code, and therefore, section 1129(a)(6) does not apply to the Plan.

   *vi.*  *11 U.S.C. § 1129(a)(7): Best Interest of Creditors Test*

  27.  The testimony presented by the Debtor's financial adviser, Mr. Doug Brickley of The Claro Group, LLC, in connection with the Confirmation Hearing, and other evidence admitted at the Confirmation Hearing, establish that the requirements of Bankruptcy Code section 1129(a)(7) are satisfied by the Plan. In accordance with Bankruptcy Code section 1129(a)(7), with respect to each impaired class of Claims or Interests, (a) each Holder of a Claim or Interest of such Class has either accepted the Plan, or (b) will receive or retain under the Plan on account of such

Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that the Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code. The requirements of section 1129(a)(7) of the Bankruptcy Code are therefore satisfied.

### vii.    *11 U.S.C. § 1129(a)(8): Acceptance of Plan by All Classes*

28.    Section 1129(a)(8) of the Bankruptcy Code requires that each class of Claims or Interests has either accepted the Plan or is not impaired under the Plan. As depicted in the Ballot Summary, all classes of Claims and Interests who were entitled to vote on the Plan have voted to accept the Plan. Nevertheless, as Classes 8 and 9 are deemed to reject the Plan, the requirements of section 1129(a)(8) are not satisfied.

29.    The Plan, however, meets the "cramdown" requirements of section 1129(b) of the Bankruptcy Code. Specifically, the Plan is fair and equitable to the extent that the Holder of any Claim or Interest that is junior to the Claims of such class will not receive or retain any property under the Plan on account of such junior Claim or Interest. Further, the Plan does not unfairly discriminate with respect to any class of Claims or Interests because no class is afforded treatment which is disproportionate to the treatment afforded other classes of equal rank. Accordingly, the Plan meets the requirements to affect a "cramdown" consistent with the provisions of section 1129 of the Bankruptcy code, notwithstanding the non-acceptance by any impaired classes of Claims.

### viii.    *11 U.S.C. § 1129(a)(9): Payment of Priority Claims*

30.    The Plan's treatment of Claims of a kind specified in Bankruptcy Code sections 507(a)(l) through (8) satisfies the requirements set forth in Bankruptcy Code section l 129(a)(9).

### ix.    *11 U.S.C. § 1129(a)(10): At Least One Impaired Class Has Accepted the Plan*

31.    Section 1129(a)(10) of the Bankruptcy Code provides that if one or more classes of Claims is impaired under the plan, at least one class must have accepted the plan, without including

any votes of insiders.  Here, without including acceptance of the Plan by any insider, Classes 1-4, & 6-7, have voted to accept the Plan.  The Plan therefore satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

        *x.*       *11 U.S.C. § 1129(a)(11): Feasibility*

32.     The Plan contemplates liquidation and distribution of all of the Debtor's assets and, as such, there will be no need for further financial reorganization or liquidation.  Thus, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(11).

        *xi.*      *11 U.S.C. § 1129(a)(12): Payment of Fees*

33.     The Plan provides that, until the Bankruptcy Case is closed, all fees incurred under 28 U.S.C. § 1930(a)(6) will be paid by the Plan Agent of the Liquidating Debtor.  Thus, the Plan complies with section 1129(a)(13) of the Bankruptcy Code.

        *xii.*     *Other Provisions of 11 U.S.C. § 1129(a)*

34.     The provisions of 11 U.S.C. §§ 1129(a)(14), (a)(15), and (a)(16) are not applicable to the Debtor.

        *xiii.*    *11 U.S.C. § 1129(b)*

35.     Under section 1129(b) of the Bankruptcy Code, the court "shall confirm the plan … if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of Claims or Interest that is impaired under, and has not accepted, the plan."  *See* 11 U.S.C. § 1129(b).  For purposes of section 1129(b), the Plan is fair and equitable to the extent that the Holder of any Claim or Interest that is junior to the Claims of such class will not receive or retain any property under the Plan on account of such junior Claim or Interest.  The Court finds that the Plan does not discriminate unfairly, is fair and equitable, and otherwise satisfied the elements of 1129(b).

36.     Based upon the evidence, there is no value in the Equity Interests of the Debtor. Accordingly, the first prong of Bankruptcy Code section 1129(b)(2)(C) is satisfied.  In addition, no junior classes will receive any property under the Plan, so the second prong of Bankruptcy Code section 1129(b)(2)(C) is also satisfied.

*xiv.*      *11 U.S.C. § 1129(c)*

37.     The Bankruptcy Court finds and concludes that, other than the Plan (including previous versions thereof), no other plan has been filed in the Case.  Accordingly, the requirements of Bankruptcy Code section 1129(c) have been satisfied.

*xv.*      *11 U.S.C. § 1129(d)*

38.     The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act.  As a result, the Plan complies with section 1129(d) of the Bankruptcy Code.

**H.     Conclusion**

39.     The Debtor has demonstrated that the Plan provisions comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, including sections 1122, 1123, and 1129 of the Bankruptcy Code, and are reasonable and appropriate.

40.     The foregoing Findings of Fact and the Conclusions of Law constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to these proceedings by Bankruptcy Rule 9014.  All additional findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to confirmation of the Plan, including the Bankruptcy Court's rulings with respect to confirmation, are hereby incorporated into this Order.  All Findings of Fact or Conclusions of Law constitute rulings of the Bankruptcy Court and are part of this Order and adopted as such.

## II.    ORDER

Based on the Findings of Fact and Conclusions of Law, the Court has determined that the Plan satisfies the applicable provisions of the Bankruptcy Code and should therefore be confirmed. It is therefore ORDERED:

### A.    Confirmation of the Plan and Approval of Documents

41.    The Plan is CONFIRMED in its entirety under section 1129 of the Bankruptcy Code, and all terms and conditions contained in the Plan are APPROVED.  The Debtor is authorized to implement the Plan in accordance with its terms and provisions.

42.    The Plan Supplement, as filed with the Bankruptcy Court, and as may be amended through and including the Effective Date, and such other certificates, documents, and instruments that may be necessary or appropriate to effectuate the transactions contemplated under the Plan, are APPROVED and incorporated herein and hereby deemed part of the Plan.  All of the foregoing materials comply with the terms of the Plan, and the filing and notice of such documents was good and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and no other or further notice is or shall be required.  The Debtor is authorized to modify the Plan Supplement through and including the Effective Date in accordance with Bankruptcy Code section 1127 without further order of the Bankruptcy Court to the extent necessary to make any changes required or appropriate to implement, effectuate, and consummate the Plan, the terms of this Order, and the transactions respectively contemplated thereunder for typographic or ministerial changes, which changes are non-material and do not require further solicitation.  The Plan has been negotiated in good faith at arm's length and shall, on and after the Effective Date, constitute legal, valid, binding, and authorized obligations of the respective parties thereto and will be enforceable in accordance with its terms.

43.     All objections to confirmation of the Plan not withdrawn or otherwise resolved at or before the Confirmation Hearing are expressly overruled or are otherwise reflected in this Order.

44.     Except as otherwise provided in the 543 Settlement Agreement, in the event that the Effective Date does not occur, the terms and provisions of this Order approving the 543 Settlement Agreement shall be binding in all respects upon, or shall inure to the benefit of, the Parties, the Receiver, the Receivership, the Debtor, its estate and its creditors and parties in interest, successors and assigns, including any liquidating trusts or trustees, notwithstanding any subsequent appointment of any trustee, examiner or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner or receiver and shall not be subject to rejection or avoidance by the Debtor, its estate, creditors or any trustee, examiner or receiver. Nothing contained in any chapter 11 plan confirmed in this chapter 11 case, or any order confirming such plan, or order amending such confirmation order shall conflict with or derogate from the provisions of the 543 Settlement Agreement. Further if the Bankruptcy Case is dismissed, the 543 Settlement Agreement shall survive such dismissal pursuant 11 U.S.C. § 349.

45.     The Signatory Feeders cannot use the 543 Settlement Agreement or payment of the Collected Receivables against Marquette or any of its affiliates in any way in the District Court Case or in any other proceeding or manner, including, but not limited to, to establish liability, damages, the extent, validity, or priority of any asserted claims, to establish law of the case, collateral estoppel, *res judicata*, or an admission against or asserted waiver of any of Marquette's claims, rights, or defenses against any disgorgement or related claims brought by Signatory Feeders or any other party in any proceeding. Marquette's defenses, claims, offsets, recoupments, rights, and interests relating in any way to Signatory Feeders' disgorgement claims are preserved

12

and not waived, including, but not limited to, those relating to the existence, amount, validity, extent, or priority of such asserted PSA Trust Claims.

**B.**      **Disclosure Statement Approved**

46.      The Disclosure Statement (i) contains adequate information of a kind generally consistent with the disclosure requirements of all applicable non-bankruptcy law, including the Securities Act, (ii) contains "adequate information" (as such term is defined in section 1125(a)(1) and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Plan, and the transactions contemplated therein, and (iii) is approved in all respects.

**C.**      **Settlement of Claims and Controversies**

47.      Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan, as supplemented by the Plan Supplement and the 543 Settlement Agreement, shall constitute a good faith compromise and settlement of all Claims and controversies relating to the rights that a Holder of a Claim or Interest may have with respect to such Claim or Interest or any distribution on account thereof.  The entry of this Order shall constitute the Bankruptcy Court's approval, as of the Effective Date, of each of the compromises and settlements embodied in the Plan and Plan Supplement, the 543 Settlement Agreement, including the treatment of Claims and Interests under the Plan, and the Bankruptcy Court's finding that all such compromises or settlements are: (i) in the best interest of the Debtor, the Estate, the Liquidating Debtor, and its respective creditors and stakeholders; (ii) fair, equitable and within the range of reasonableness; and (iii) satisfy the requirements of Bankruptcy Rule 9019 and Bankruptcy Code section 1123(b)(3)(A).  The provisions of the Plan, including, without limitation, the Plan's release, injunction, exculpation and compromise provisions, are mutually dependent.

13

48. Within ten (10) business days of the Effective Date, the Liquidating Trustee shall submit to this Court proposed procedures for determining the allowance of 543 Claims.

**D.** **Effects of Confirmation of the Plan**

49. The provisions of the Plan and this Order are binding on the Debtor, each Holder of a Claim or Interest, non-Debtor counterparty to an executory contract or unexpired lease with the Debtor, any Interested party in the Bankruptcy Case, and any other individual or entity, and each of the foregoing's respective agents, heirs, successors, and assigns, regardless of whether such individual or entity filed a proof of claim or voted to accept the Plan.

50. Upon entry of this Order, the Debtor, and its directors, officers, agents, attorneys, and professionals are authorized and directed to effect any and all actions contemplated or required by the Plan and the 543 Settlement Agreement. On and after the Effective Date, the Debtor and its directors, officers, agents, attorneys, and professionals are authorized and directed to take all necessary and appropriate steps and corporate action to implement the terms of the Plan and the 543 Settlement Agreement, regardless of whether such actions are specifically referred to in the Plan, without the need for further order of the Bankruptcy Court.

51. Except as otherwise provided by the Plan or this Order, the rights afforded under the Plan and the treatment of Claims and Interests under the Plan are in exchange for and in complete satisfaction, discharge, and release of, all Claims against or Interests in the Debtor or estate property (including Retained Causes of Action).

52. Except as otherwise provided in the Plan, the 543 Settlement Agreement, this Order, or separate Final Order, all injunctions or automatic stays provided for in the Bankruptcy Case under sections 105 and 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect through the Effective Date.

53.     Except as otherwise provided in section 1141(d)(43) of the Bankruptcy Code, and subject to the occurrence of the Effective Date, on and after the entry of this Order, the provisions of the Plan shall bind every Holder of a Claim against or Interest in the Debtor and inure to the benefit of and be binding on such Holder's respective successors and assigns, regardless of whether the Claim or Interest of such Holder is impaired under the Plan and whether such Holder has accepted the Plan.

**E.      Vesting of Assets Free and Clear of Liens, Claims and Encumbrances**

54.     Except as otherwise provided in the Plan or this Order, all property of the Estate of the Debtor, and any property acquired by the Debtor or the Liquidating Debtor under the Plan, including any property to be transferred by the Debtor to the Liquidating Trust pursuant to the 543 Settlement Agreement, will vest in the Liquidating Debtor or the Liquidating Trust, as applicable, free and clear of all Claims, liens, Interests, charges, and other encumbrances.  On and after the Effective Date and, in the case of a Secured Claim, upon satisfaction in full of the portion of the Secured Claim that is allowed as of the Effective Date pursuant to the terms and conditions of the Plan, except as otherwise provided in the Plan and the 543 Settlement Agreement, the Liquidating Debtor or the Liquidating Trustee, as the case may be, may use, acquire, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.  Failure to include a Cause of Action on the Schedule of Preserved Claims, Causes of Action, and Rights of Action [ECF # 380-3] shall not constitute a waiver or release of such Cause of Action.

55.     Pursuant to the Plan and the 543 Settlement Agreement, Marquette and the Signatory Feeders have agreed to contribute certain property to the Trust as set forth in the 543

Settlement Agreement. Neither Marquette nor the Signatory Feeders shall be treated as owners of any part of the Trust under the rules set forth in IRC §§ 671 through 678 and the regulations under those Code sections solely as a result of such contributions. Nothing in the Liquidating Trust Agreement or any actions taken by the Covered Persons (defined in Section 4.05 of the Liquidating Trust Agreement), shall be construed as creating any liability against Marquette other than as specifically set forth in the 543 Agreement or against the Signatory Feeders other than as specifically set forth in the Plan or the 543 Agreement.

**F.    Continued Corporate Existence**

56.    The Debtor shall continue to exist after the Effective Date as a Liquidating Debtor in accordance with the applicable laws of the respective jurisdiction in which it is incorporated or organized.  Provided, however, that on the Effective Date, the Liquidating Debtor is deemed to have satisfied all liabilities for purposes of dissolution under applicable state law.  The Plan Agent is authorized to execute and file all documents necessary to effectuate the dissolution of the Liquidating Debtor.

57.    Upon the Effective Date, the Sole Member shall be discharged and released from any further obligation or duty to the Debtor. Further, the Court finds that: (i) pursuant to Bankruptcy Code § 543, the Receiver turned over all property in his possession to the Debtor; (ii) all such property has either been administered during this Bankruptcy Case or shall be disposed of pursuant to the Plan; and (iii) all claims against the Debtor or the Receivership shall be treated pursuant to the Plan.  As such, the Receiver shall be authorized to petition the District Court to close the receivership and seek a discharge of his duties and full release.  Nothing in the Plan or this Confirmation Order shall impair the Receiver's ability to close the receivership or to seek a release from the District Court.

**G.**   **Implementation of the Plan**

58.    Pursuant to section 1123(a)(5)(D) of the Bankruptcy Code, on, or, unless specifically provided otherwise herein, prior to the Effective Date, or as soon thereafter as is reasonably practicable, the Debtor or Liquidating Debtor, may take all actions as may be necessary or appropriate to effect any action described in, approved by, contemplated by, or necessary to effectuate the Plan.

59.    All such actions taken or caused to be taken consistent with the terms of the Confirmation Order and the Plan, including any such actions taken prior to the entry of the Confirmation Order, shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act or action under any applicable law, order, rule or regulation.

60.    On the Effective Date, except to the extent otherwise provided in the Plan and the 543 Settlement Agreement, all notes, instruments, certificates, and other documents evidencing Claims or Interests shall be cancelled and the obligations of the Debtor and any non-Debtor affiliate thereunder or in any way related thereto shall be deemed satisfied in full, cancelled, discharged, and of no force or effect.   Holders of or parties to such cancelled instruments, securities, and other documentation will have no rights arising from or relating to such instruments, securities, and other documentation, or the cancellation thereof, except the rights provided pursuant to the Plan or the 543 Settlement Agreement.

**H.**   **Release of Liens**

61.    Except as otherwise provided in the Plan, or any contract, instrument, release, agreement or document created pursuant to the Plan, including the 543 Settlement Agreement, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is

allowed as of the Effective Date, all mortgages, deeds of trust, liens, pledges, or other security Interests against any property of the estate shall be fully released and discharged, and all of the right, title, and Interest of any Holder of such mortgages, deeds of trust, liens, pledges, or other security interests shall revert to the Liquidating Debtor and its successors and assigns. On or after the Effective Date, any Holder of such Secured Claim (and the applicable agent for such Holder) shall be authorized and directed to release to the Debtor, Liquidating Debtor, or the Liquidating Trustee, as applicable, any collateral or other property of the Debtor (including any cash collateral and possessory collateral) held by such Holder (and the applicable agents for such Holder), and to take such actions as may be reasonably required or requested by the Plan Agent or Liquidating Trustee to evidence the release of such lien, including the execution, delivery, and filing or recording of such releases.  To the extent any of the foregoing actions, whether arising prior to the Effective Date or thereafter, require action to be taken by the Holders or applicable agents for such Holders of Secured Claims, the Debtor, Liquidating Debtor, or the Liquidating Trustee, as applicable, shall pay the reasonable and documented fees and expenses of the Holders or applicable agents for such Holder or such Secured Claims, without the need for any further application or notice to or action, order, or approval of the Bankruptcy Court.

**I.      Provisions Related to Executory Contracts and Unexpired Leases**

62.     In accordance with Article 10 of the Plan, all executory contracts and leases that are not assumed under this Plan are rejected, unless otherwise dealt with by the Plan or the Confirmation Order, or any other Order of the Court entered prior to the Effective Date, or which is the subject of a motion to assume pending on the Effective Date.

63.     Effective as of the Effective Date, the payment of any applicable cure amount, and the resolution of any cure dispute, the entry of this Order by the Bankruptcy Court shall constitute

18

approval of the rejections and assumptions provided for in the Plan pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Unless otherwise indicated or provided in a separate order of the Bankruptcy Court, rejections or assumptions of executory contracts and unexpired leases pursuant to the Plan are effective as of the Effective Date.  Each executory contract and unexpired lease assumed pursuant to the Plan or by order of the Bankruptcy Court but not assigned to a third party before the Effective Date shall vest in, and be fully enforceable by, the Liquidating Debtor or Liquidating Trust in accordance with its terms, except as may be modified by the provisions of the Plan, any order of the Bankruptcy Court authorizing and providing for its assumption, or any applicable law.

64.    Each executory contract and unexpired lease rejected pursuant to the Plan shall be deemed rejected by the Bankruptcy Court as of the Effective Date, unless otherwise indicated herein.

65.    With respect to each executory contract or unexpired lease to be assumed by the Debtor, unless otherwise determined by the Bankruptcy Court pursuant to a Final Order or agreed to by the parties thereto prior to the Effective Date, the dollar amount required to cure any defaults of the Debtor existing as of the Confirmation Date shall be zero dollars ($0.00).  Upon the Effective date, any and all proofs of Claim based upon an executory contract or unexpired lease that has been assumed in the Bankruptcy Case or hereunder shall be deemed disallowed and expunged without any further notice to or action by any party or order of the Bankruptcy Court.

66.    Any term of any policy, contract, or other obligation applicable to the Debtor shall be void and of no further force or effect to the extent that such policy, contract, or other obligation is conditioned on, creates an obligation of the Debtor as a result of, or gives rise to a right of any entity based on any of the following: (a) the insolvency or financial condition of a Debtor (prior to

the Effective Date); (b) the commencement of the Bankruptcy Case; or (c) the confirmation or consummation of the Plan.

67.     Except as may be provided under a separate order of the Bankruptcy Court, any Claim resulting from the rejection of an executory contract or unexpired lease pursuant to the Plan shall be Filed with the Bankruptcy Court within 30 days after the later of: (a) the date of an order of the Bankruptcy Court (including this Confirmation Order) approving such rejection, (b) the effective date of such rejection, or (c) the Effective Date. Any Claims arising from the rejection of an executory contract or unexpired lease not filed with the Bankruptcy Court within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtor, Liquidating Debtor, or the Liquidating Trust, or their property, without the need for any objection by the Liquidating Debtor further notice to, or action, order or approval of the Bankruptcy Court or any other entity, and any Claim arising out of the rejection of the executory contract or unexpired lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the schedules or a proof of claim to the contrary.  All Allowed Claims arising from the rejection of the Debtor's executory contracts or unexpired leases shall be classified as General Unsecured Claims and shall be treated in accordance with Article 8 of the Plan.

**J.      Effect of Confirmation; Limited Discharge of Claims Against and Interests in the Debtor**

68.     Upon the Effective Date and in consideration of the distributions to be made under the Plan; except as otherwise provided in the Plan, this Order, the 543 Settlement Agreement, or any stipulation filed between the Debtor and a Holder of Claims against the Debtor; entry of this Order shall operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtor and its assets and properties and any proceedings not

20

yet instituted against the Debtor or its assets and properties, except as otherwise provided in the Plan. Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor, the Liquidating Debtor, the Liquidating Trust, or their property, or the Plan Agent, with respect to any such Claim, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtor, the Liquidating Debtor, the Liquidating Trust, or their property, or the Plan Agent, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, the Liquidating Debtor, the Liquidating Trust, or their property, or the Plan Agent, with respect to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtor, the Liquidating Debtor, the Liquidating Trust, or their property, or the Plan Agent with respect to any such Claim and (e) asserting any right of setoff or recoupment against the Debtor, the Liquidating Debtor, the Liquidating Trust, or their property, or the Plan Agent.

69.     For the avoidance of doubt, unless otherwise agreed or consented to by a Governmental Unit[2] and notwithstanding any abstention by any Governmental Unit from voting on the Plan, no provision in the Plan or in the Confirmation Order enjoins, limits, impairs or delays any Governmental Unit from commencing or continuing any Claim, suit, action, proceeding, cause of action, or investigation against any non-Debtor, any Released Party or any of the Exculpated Parties other than the Debtor or Liquidating Debtor in any forum.  In addition, nothing in the Plan

---

[2] The term Governmental Unit shall have meaning set forth in the Bankruptcy Code.

or in the Confirmation Order shall discharge, release, enjoin, limit, impair, delay or otherwise bar (i) any liability of the Debtor or the Liquidating Debtor to a Governmental Unit arising on or after the Confirmation Date, (ii) any liability to a Governmental Unit that is not a Claim, (iii) any environmental liability to the United States that any entity is subject to as the owner or operator of property after the Confirmation Date (except as noted in the immediately succeeding sentence hereof); (iv) any valid right of setoff or recoupment of a Governmental Unit; and (v) the commencement or continuation of any investigation or the taking of any action pursuant to any police or regulatory function by a Governmental Unit to the extent permitted under sections 362(b)(4), 524 and 1141 of the Bankruptcy Code.  All Claims under environmental law arising before the Confirmation Date, if any, including penalty Claims for days of violation prior to the Confirmation Date, shall be subject to a discharge and injunction under Article 11.2 of the Plan and treated in accordance with the Plan in all respects and the Bankruptcy Court shall retain jurisdiction as provided in Article 12 of the Plan in relation to the allowance or disallowance of any Claim under environmental law arising before the Confirmation Date.  All rights are reserved in connection with the application of this paragraph to any action taken by any Governmental Unit.

70.     The exculpation provided in Article 11.3 of the Plan is approved but should be construed, and only be effective, to the extent that it is consistent with the applicable provisions of the Bankruptcy Code and case law in the Fifth Circuit.  In addition, the exculpation provided in Article 11 of the Plan shall be limited to acts which occurred after the Petition Date.  Any Claims against Exculpated Parties for acts described in Article 11 of the Plan shall be filed in the United States Bankruptcy Court for the Southern District of Texas, and this Bankruptcy Court retains exclusive jurisdiction to consider such Claims.

71.     Upon confirmation of the Plan, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.   Each Holder of any Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in the Plan.

**K.     <u>Claims Resolution Procedures Approved and Disputed Claims Reserve</u>**

72.     The procedures for resolving contingent, unliquidated, and or Disputed Claims outlined in Article 9 of the Plan are hereby approved.

73.     On or immediately prior to the Effective Date, the Liquidating Debtor shall establish the Disputed Claims Reserve for the treatment of Disputed Claims. The Disputed Claims Reserve shall be held in a separate bank account from all other funds held by the Liquidating Trustee. The Liquidating Trustee shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims, in accordance with the Distribution scheme contemplated in the Plan, as if such Claims were Allowed Claims. Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan. Once such Disputed Claim is determined by Final Order to be an Allowed Claim, the Liquidating Trustee is authorized to pay the Allowed Amount of such Claim without further approval from or notice to any Person.

L.     **Administrative Expense Claims and Professional Fee Claims**

74.     All requests for payment of an Administrative Claim for services rendered and reimbursement of expenses incurred prior to the Effective date shall be filed no later than the applicable Administrative Claim Bar Date, consistent with the procedures under Article 5.1.1 of the Plan. Except to the extent that a Holder of an Allowed Administrative Claim agrees to a different treatment, in writing, each Holder of an Allowed Administrative Claim shall receive, in full satisfaction, settlement, and release of an in exchange for such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim as soon as reasonably practicable, or, if the Administrative Claim is not Allowed as of the Effective Date, thirty days after the date on which such Administrative Claim becomes and Allowed Administrative Claim.

75.     All requests for payment of Professional Fee Claims, by each Professional whose retention with respect to the Debtor's Case has been approved by the Bankruptcy Court, for services rendered and reimbursement of expenses incurred prior to the Effective Date shall be filed no later than the Professional Fee Bar Date, consistent with the procedures under Article 5.4 of the Plan. The failure to timely file a fee application shall result in the Professional Fee Claim being forever barred and discharged. A Professional Fee Claim with respect to which a fee application has been properly and timely filed shall be treated and paid only to the extent allowed by Final Order. All Professional Fee Claims shall be paid either by the Debtor or the Plan Agent, as applicable; provided, however, that to the extent any Holder of an Allowed Professional Fee Claim holds a retainer regarding such Claim, the retainer shall be applied first to such Claim with the balance of such Claim to be paid by the Debtor or the Plan Agent, as applicable.

**M.**    <u>Post-Confirmation Fees and Expenses</u>

76.    Except as otherwise specifically provided in the Plan, from and after the Confirmation Date, but effective as of the Effective Date, the Debtor and the Liquidating Debtor, as applicable, shall, in the ordinary course of business and without any further notice to or action, order, approval of the Bankruptcy Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses related to implementation of the Plan and Consummation incurred by the Debtor.  Upon the Confirmation Date, any requirement that Professionals comply with sections 327 through 331, 363, and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Debtor may employ and pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

**N.**    <u>Retention of Causes of Action</u>

77.    Except as otherwise provided in the Plan, nothing contained in the Plan or this Order shall be deemed to be a waiver or relinquishment of any rights, Claims, Causes of Action, rights of setoff or recoupment, or other legal or equitable defenses that the Debtor had immediately before the Effective Date on behalf of the Estate or of itself in accordance with any provision of the Bankruptcy Code or any applicable non-bankruptcy law.  Except as otherwise provided in Plan, the Liquidating Trust shall have, retain, reserve, and, except as provided in the 543 Settlement Agreement, be entitled to assert all such Claims, Causes of Action, rights of setoff or recoupment, and other legal or equitable defenses as fully as of the Bankruptcy Case had not been commenced, and all of the Debtor's legal and equitable rights in respect of any unimpaired claim may be asserted after the Effective Date to the same extent as if the Bankruptcy Case had not been commenced.

25

78.     No Person or Entity may rely on the absence of specific reference in the Plan to any Cause of Action against it as any indication that the Debtor will not pursue any and all available Causes of Action.  The Debtor expressly reserves and assigns to the Liquidating Trust all rights to prosecute and enforce any pending adversary proceeding in the Bankruptcy Court, and such adversary proceedings are deemed transferred to the Liquidating Trust as of the Effective Date.

**O.      Setoffs and Recoupments**

79.     Except as expressly provided in the Plan or the 543 Settlement Agreement, the Debtor, Liquidating Debtor, or the Liquidating Trustee, as applicable, may, pursuant to section 553 of the Bankruptcy Code or applicable non-bankruptcy law, offset or recoup against any Plan distributions to be made on account of any Allowed Claim, any and all Claims, rights, and Causes of Action that the Debtor or Liquidating Debtor or its successors may hold against the Holder of such Allowed Claim pursuant to Article 11 of the Plan; provided, that neither the failure to effect a setoff or recoupment nor the allowance of any Claim hereunder will constitute a waiver or release by a Debtor or its successor of any Claims, rights, or Causes of Action that the Debtor or its successor or assign may possess against such Holder.  Except as stated in the 543 Settlement Agreement, in no event shall any Holder of Claims against, or Interests in, the Debtor be entitled to recoup any such Claim or Interest against any Claim, right, or Cause of Action of the Debtor or the Liquidating Debtor, as applicable, unless such Holder has actually performed such recoupment and provided notice thereof in writing to the Debtor in accordance with Article 14.1 of the Plan on or before the Effective Date, notwithstanding any indication in any proof of claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment.

**P.**     **Objections to Confirmation of the Plan and Disposition Thereof**

80.     Pursuant to Solicitation Order, the Court established 12:00 p.m. on October 9, 2019 as the deadline to object to confirmation of the Plan (the "Confirmation Objection Deadline"). Prior to the Confirmation Objection Deadline, the Debtor received informal comments to the Plan from certain Holders of Claims against the Debtor and one formal objection [ECF # 382].  The Debtor negotiated resolutions of the comments and have reached stipulations resolving those objections as set forth in this section (the "Plan Stipulations").  Pursuant to Bankruptcy Rule 3019, these Plan Stipulations do not (i) constitute material modifications of the Plan under section 1127 of the Bankruptcy Code, (ii) require additional disclosure under section 1125 of the Bankruptcy Code, (iii) cause the Plan to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code, (iv) materially and adversely change the treatment of any Claims or Interests, (v) require re-Solicitation to any Holders of Claims or Interests, or (vi) require that any such Holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  Under the circumstances, the form and manner of notice of the Plan Stipulations are adequate, no other or further notice of the Plan Stipulations is necessary or required, and the Plan Stipulations are intended by the parties to be made part of the Plan.  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims or Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan Stipulations.

i.     *The Texas Comptroller*.

81.     Notwithstanding anything else to the contrary in the Plan or Confirmation Order, these provisions will govern the treatment of the claims of the Texas Comptroller of Public Accounts (the "Texas Comptroller"): (1) nothing provided in the Plan or this Confirmation Order

shall affect or impair any statutory or common law setoff rights of the Texas Comptroller in accordance with 11 U.S.C. § 553; (2) nothing provided in the Plan or Confirmation Order shall affect or impair any rights of the Texas Comptroller to pursue any non-debtor third parties for tax debts or claims; and (3) the Texas Comptroller's priority tax claims shall accrue interest at the statutory rate of interest, currently 6.5% per annum, commencing on the Plan's Effective Date.

82.    The Texas Comptroller will receive: (i) $9,735.91 on the Effective Date in payment of the Allowed outstanding franchise tax claim (see POC # 181); (ii) an Allowed Priority Tax Claim in the amount of $878,887.29 (see POCs # 180 and # 182), which claim shall be paid in accordance with Article 8 of the Plan, and (iii) and an Allowed General Unsecured Claim in the amount of $81,251.42.

ii.    *Texas Commission on Environmental Quality.*

83.    In order to settle all disputes between the Debtor and the Texas Commission on Environmental Quality ("TCEQ") regarding fines and penalties assessed in response to violations alleged to have occurred from February 2018 through January 2019, the Debtor hereby grants TCEQ an Allowed General Unsecured Claim in the amount of $451,084.00.

84.    Additionally, in connection with the JDH Transaction (as defined in the Plan), the Debtor, TCEQ and JDH (as defined in the Plan) agreed to resolve certain disputes related to the resolution of certain alleged environmental liabilities by an agreement and entry of an order supplementing the Court's order approving the JDH Transaction [ECF # 137].  On October 8, 2019, TCEQ filed on this Court's docket that *Agreement Between STX Beef Company and the Texas Commission on Environmental Quality* [ECF # 381], which stipulation is hereby approved and incorporated into this Confirmation Order.

      iii.     *International Paper Company.*

85.     Notwithstanding anything else to the contrary in the Plan or Confirmation Order, these provisions will govern the treatment of the claims of International Paper Company ("International Paper"): (1) International Paper shall have an Allowed Administrative Expense Claim in the amount of $104,535.78 (the "IP 503(b)(9) Claim"); (2) International Paper shall have an Allowed 543 Claim in the amount of $150,000.00 (the "IP 543 Claim"); (3) International Paper shall have an Allowed General Unsecured claim in the amount $66,029.71 (the "IP 502(h) Claim"); and (4) International Paper may file a request for payment of its legal fees and costs pursuant to section 503(b)(3)(B) and 503(b)(4) (the "IP Substantial Contribution Claim," and, collectively, the "IP Plan Claims"), provided, however, that the Debtor, the Liquidating Debtor, and/or the Liquidating Trustee reserve all rights and objections regarding the Substantial Contribution Claim.

86.     Further, except as to the IP Plan Claims, International Paper, on the one hand, and the Debtor, including the Debtor-in-Possession, on the other, hereby grant the other mutual releases of all Claims, Causes of Action, and/or Rights of Action, existing from the beginning of time until the Effective Date, including, but not limited to, all Avoidance Actions.

      iv.     *Rabo Settlement and Release*.

87.     Pursuant to the terms of this paragraph: (a) Rabo forever waives and releases any and all Claims or rights against the Debtor or its Estate, including any Claims or rights concerning proceeds of the JDH Transaction, and any claims or rights to the $447,527.61 in proceeds that remain in the Debtor's possession, and (b) the Debtor and Debtor-in-Possession, for themselves and all persons claiming by, through or under them, fully, finally and forever remise, release and discharge Rabo AgriFinance LLC and its agents, representatives, attorneys, trustees, nominees,

predecessors, successors and assigns, of and from any and all Claims, counterclaims, crossclaims, actions, causes of action, suits, contracts, covenants, agreements, promises, trespasses, debts, dues, demands, accounts, bonds, obligations, liabilities, damages, judgment, executions, liens, encumbrances, claims for contribution and indemnity, losses, costs or expenses of any nature whatsoever, in law or in equity, known or unknown, suspected or unsuspected, asserted or unasserted, direct or indirect, liquidated or unliquidated, fixed or contingent, matured or unmatured, including but not limited to any claims under Chapter 5 of the Bankruptcy Code, Section 506 of the Bankruptcy Code or Section 543 of the Bankruptcy Code, which the Debtor, the Debtor-in-Possession or the Estate at any time had, owned or held from the beginning of the world through the date of entry of the Confirmation Order.

v.    *Ryley, Carlock & Applewhite Limited Objection*.

88.    In resolution of the Limited Objection to Proposed Chapter 11 Plan and Incorporated Settlement Agreement [ECF # 382] filed by Ryley, Carlock & Applewhite ("RCA"), the Debtor hereby stipulates, and the Court so finds that:

   a.   Proof of Claim # 162, filed by RCA, constitutes a valid Class 4 – 543 Claim; and

   b.   The Receiver and the Debtor stipulate that the amount reflected in Proof of Claim # 162 is accurate, is for legal services rendered during the course of the receivership, and the amount is reasonable.

**Q.    Non-Material Modifications to the Plan**

89.    As indicated in the Confirmation Materials, the Debtor has made certain typographic or ministerial changes, which changes are non-material and do not require further solicitation.  For the avoidance of doubt, any reference to the Plan in this Order shall refer to that version filed as part of the Confirmation Materials and including such changes [ECF # 386-6].

**R.    Miscellaneous Confirmation Provisions**

90.     This Order is in recordable form and shall be accepted by any filing or recording officer or authority of any applicable Governmental Unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order.

91.     Under section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan, shall not be taxed under any law imposing a stamp tax or similar tax.  The appropriate state or local government officials or agents are directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

92.     To the extent that, under applicable non-bankruptcy law, any of the actions contemplated in the Plan would otherwise require the consent or approval of the Holders of Interests in the Debtor, this Order shall constitute such consent or approval, and such actions shall be, and are deemed to have been, taken by unanimous action of the Holders of Interests in the Debtor.

93.     Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of the Plan and this Order, and all other agreements and documents executed and delivered pursuant to the Plan, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

94.     The Debtor, Liquidating Debtor, or the Liquidating Trustee shall have the right, to the fullest extent permitted by section 1142 of the Bankruptcy Code, to apply to the Bankruptcy

31

Court for an order, notwithstanding any otherwise applicable non-bankruptcy law, directing any appropriate entity to execute and deliver an instrument or perform any other act necessary to implement the Plan or the provisions of this Order.

95.     On and after the Effective Date, pursuant to sections 105 and 1142 of the Bankruptcy Code, the Bankruptcy Court, except as otherwise provided in the Plan or in this Order, shall retain jurisdiction over all matters arising out of, and related to, the Bankruptcy Case, including, but not limited to, jurisdiction over the matters set forth in Article 12 of the Plan.

96.     If any or all of this Order is hereafter reversed, modified, or vacated by subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacation shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan before the Debtor's, Liquidating Debtor's, or the Liquidating Trustee's receipt of written notice of any such order, nor shall such reversal, modification, or vacation of this Order affect the validity or enforceability of such act or obligation.   Notwithstanding any such reversal, modification, or vacation of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order before the effective date of such reversal, modification, or vacation shall be governed in all respects by the provisions of this Order, the Plan, and all documents, instruments, and agreements related thereto or any amendments or modifications thereto.

97.     The failure to specifically include any particular provision of the Plan in this Order will not diminish the effectiveness of such provision, nor constitute a waiver thereof, it being the intent of the Bankruptcy Court that the Plan is confirmed in its entirety.

98.     The provisions of the Plan and this Order, including the Findings of Fact and Conclusions of Law entered contemporaneously with this Order, are non-severable and mutually dependent.

99.     All fees charged pursuant to 28 U.S.C. § 1930 shall be timely paid the Liquidating Debtor for each quarter (including any fraction thereof) until the Bankruptcy Case is converted, dismissed, or closed, whichever occurs first.

100.     On the Effective Date and following the payment of all amounts under the Plan required to be paid on the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

101.     This Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.  The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby waived.  This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rule 3020(e), 6004(h), 6006(d), or 7062.

102.     In the event of a conflict between the terms of this Order, the Plan, and/or any other supporting document, the provisions of this Order shall control, except that the 543 Settlement Agreement shall control as to the rights and obligations of the Debtor, the Signatory Feeders, Marquette, and/or the Released Parties as to each other and collectively.  The provisions of this Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of the Bankruptcy Court.

103.     On the Effective Date, the Debtor shall file a notice of the occurrence of the Effective Date (the "Effective Date Notice") with the Bankruptcy Court.  As soon as reasonably practicable after the occurrence of the Effective Date, the Liquidating Debtor shall serve the

Effective Date Notice on all Holders of Claims and Interests, the U.S. Trustee, and other parties in Interest, by causing the Effective Date Notice to be delivered to such parties by first class United States mail.

      **Signed:  October 17, 2019.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**